## IN THE MATTER OF JOHNSON.
(SUPREME COURT DISCIPLINARY NO. 13)

HILL, Justice.

This is a petition for reinstatement as a member of the bar of this state.

Leroy R. Johnson was admitted to the bar in 1959. In 1974, he was indicted for two counts of income tax evasion and one count for submitting a false affidavit to the Internal Revenue Service in connection with his individual tax liability. Although acquitted of the two former charges, he was found guilty in January 1975 of submitting a false affidavit. 18 USCA § 1001. Sentenced to serve a year, 60 days in jail and the balance on probation, he served 31 days in jail and the rest on probation, without incident. That conviction was petitioner's only reported personal or professional violation.

After his conviction and unsuccessful appeal, petitioner voluntarily withdrew from membership in the state bar on October 19, 1976. He has since received a first offender pardon issued by the Georgia Pardon & Parole Board reciting that the board has found him to be "fully rehabilitated." He is a former state legislator and presently serves on the Atlanta Civil Service Board and the Fulton County Stadium Authority.

Instead of the required 100 signatures of Fulton County lawyers needed for reinstatement, petitioner has submitted 200 signatures including 10 of 11 Fulton

Superior Court judges, the district attorney and some of his assistants, two solicitors, several judges of the State Court of Fulton County, Municipal Court of Atlanta, juvenile and traffic court, and a federal judge, with the balance made up of practicing Fulton County attorneys.

The U. S. attorney who prosecuted petitioner and petitioner's probation officer have endorsed his application for readmission. Notice published in the Fulton County Daily Report soliciting favorable as well as unfavorable comment on petitioner's application for readmission resulted in only one unfavorable comment. The Gate City Bar Association has endorsed his petition for reinstatement, as have some members of the Board of Governors of the state bar.

Fifteen witnesses, in addition to petitioner and his wife, testified as to petitioner's good conduct at the hearing before the special master appointed to investigate this matter. They included his pastor, a lawyer, a judge, and associates in the hotel industry. They testified as to his activities before and since his removal from the bar. The special master recommended that petitioner be readmitted to the practice of law.

Based upon its review of the record, the State Disciplinary Board found that petitioner was without doubt guilty of the crime of wilfully submitting a false affidavit in connection with his personal tax liability, that such crime involved moral turpitude, that the burden of showing rehabilitation is on the petitioner and that such burden is substantial, that the crime causing disbarment fixes the starting point from which a petitioner for reinstatement must show rehabilitation, and that once having demonstrated unfitness to practice law a petitioner for reinstatement must establish his rehabilitation by clear and convincing proof. Using the foregoing criteria, the State Disciplinary Board recommended that the petition for reinstatement be denied.

We do not review decisions of the State Disciplinary Board in the same way we do court decisions. The board recommends; we review. Under this system the ultimate decision must be made by this court.

We agree with the board in each of its findings and

conclusions except the application of the rules to the undisputed facts. Affidavits are tools of the legal profession and the filing of a false affidavit, including one filed in connection with an attorney's personal tax liability, is an extremely serious offense. An attorney's personal trustworthiness is a lubricant upon which the judicial system operates; without it the mechanism is delayed while every statement is verified and reverified. We consider the crime committed by petitioner to be grave, not petty.[1]

The burden of proof in a readmission proceeding is upon the petitioner. *Scott v. Leathers,* 78 Ga. App. 661, 665 (52 SE2d 40) (1949). Once an attorney's unfitness to practice law has been demonstrated, he must establish his rehabilitation by clear and convincing proof before reinstatement will be allowed. Petition of Eddleman, 459 P2d 387, 388 (1969). In its report and in its brief the State Disciplinary Board has indicated that it considers that petitioner's burden is to show by clear and convincing proof that he is not likely to again commit a crime involving moral turpitude if reinstated. The board discounts petitioner's unmarked record since his conviction by pointing out that it is consistent with his record prior to conviction; i.e., his clean record prior to conviction did not prevent the crime for which he was convicted and therefore his record since conviction is not evidence that another crime will not be committed. Using this equation, no person could prove rehabilitation by a spotless record alone, no matter how long maintained since the disbarring conduct. Such a person could prove rehabilitation only by proof of his having rejected specific opportunities for criminal conduct. We find this standard to be too high for showing rehabilitation from a single offense. As was said in Resner v. State Bar of California, 433 P2d 748, 755-756 (1967): "There can, of course, be no absolute guarantee that petitioner will never engage in

---

[1]Without depreciating the seriousness of this offense, we consider a lawyer's bribery of a public official to be even more serious. *In the Matter of Ansley,* 241 Ga. 394 (245 SE2d 657) (1978). The evidence as to rehabilitation must be weighed on a case by case basis.

misconduct again. But if such a guarantee were required for reinstatement none could qualify. All that we can require is a showing of rehabilitation and of present moral fitness."

The testimony submitted in petitioner's behalf as to his conduct and character since conviction is both favorable to him and unrebutted. No witness testified as to any post-conviction misconduct. The board discounts such testimony by saying that the witnesses did not assign sufficient gravity to petitioner's conviction because several were not personally familiar with the details of his criminal conduct. The witnesses who testified at petitioner's hearing could have been informed as to the specific facts of the crime and examined as to their opinions concerning petitioner in light of that information. *May v. State,* 185 Ga. 335 (6) (195 SE 196) (1938). Hence, their lack of familiarity with the details of the crime is not grounds for disregarding their testimony entirely.

Upon review of the record, transcript and recommendations, we find the evidence of rehabilitation to meet the required standard.

*The readmission petition is granted. All the Justices concur, except Jordan and Hall, JJ., who concur in the judgment only, and Marshall, J., who dissents.*

DECIDED SEPTEMBER 6, 1979.

Leroy R. Johnson, *pro se.*
*Omer W. Franklin, General Counsel State Bar, Robert W. Davis, Jr., Assistant General Counsel State Bar, James E. Spence, Assistant General Counsel State Bar,* for State Bar of Georgia.