IN THE MATTER OF HENRITZE.

(SUPREME COURT DISCIPLINARY NO. 143)

JORDAN, Chief Justice.
This is a petition for reinstatement to membership in the Bar of this State.

Walter Moore Henritze, Jr., was licensed to practice in the State of Georgia in 1961 and practiced in Atlanta and Athens. In October,

1974, he was indicted on three counts of violation of federal narcotics laws for possession, conspiracy to import, and importation of approximately one pound of hashish. He was tried in the United States District Court, received a verdict of acquittal on the possession count and was found guilty by a jury for importation and conspiracy to import. He was sentenced to two years in the federal penitentiary and two years to serve on special parole on each count, the sentences to run concurrently. The convictions were affirmed on appeal, at which time the petitioner voluntarily surrendered his license to practice law in Georgia and began serving his term on June 1, 1976. He was released on August 7, 1977, on a work release program, was employed by an Atlanta law firm as a legal research clerk and has continued employment in that capacity since said date.

Upon his petition for reinstatement a special master was appointed and a hearing held on December 2 and 3, 1980. The petitioner presented some seventeen witnesses and submitted a petition signed by 263 licensed attorneys practicing in the Atlanta Judicial Circuit, plus an additional twenty-eight signatures from attorneys outside the Circuit. This list of signatures included five judges, a district attorney, and a former Governor of Georgia.

At the hearing before the Special Master the petitioner testified that his imprisonment caused a financial disaster for him and his family, and that prison had had an emotional impact on his life. The record shows that the petitioner was averaging seventy-five hours per week in his present position as a legal research clerk; that his personal life is involved with his family and his job; and that he has not been involved in any illegal conduct since his release from prison. There was evidence of his good character before and after his conviction.

Based on the foregoing facts the Special Master made the following conclusions of law: (1) that petitioner possesses the qualifications of an attorney; (2) that the petitioner's reinstatement would not be detrimental to the integrity of the bar or the courts of Georgia; (3) that the nature of the crime for which petitioner was convicted, while a serious offense, did not constitute deceit, fraud, breach of trust, or abuse of the judicial system; (4) that petitioner's punishment has been sufficient in relation to the nature of the crime for which he was convicted; (5) that petitioner is not likely to commit a crime if readmitted to practice law; (6) that petitioner's conduct since his disbarment has been of a high standard; that he has maintained his professional proficiency; (8) that his personal life has improved since his release from prison; (9) that petitioner's life and conduct since his release from prison indicates rehabilitation.

Based on these conclusions of law, the Special Master

recommends that the petitioner be reinstated as an attorney licensed to practice law in the State of Georgia. The State Disciplinary Board, on March 20, 1981, adopted the findings of fact and conclusions of law of the Special Master and recommends that this Court enter an order reinstating the applicant to the State Bar of Georgia and the practice of law.

Once an attorney's unfitness has been demonstrated he must establish his rehabilitation by clear and convincing proof before the reinstatement will be allowed. *In the Matter of Johnson*, 244 Ga. 109 (259 SE2d 57) (1979).

We have carefully reviewed this record and conclude that the petitioner has met this burden of proof, and that he is entitled to be readmitted to the practice of law in this State.

The recommendation of the State Disciplinary Board is approved, and it is hereby ordered that the petitioner be reinstated as an attorney licensed to practice law in the State of Georgia.

*All the Justices concur.*

DECIDED MAY 26, 1981.

*Omer W. Franklin, Jr.,* General Counsel State Bar, *Joe David Jackson,* Assistant General Counsel State Bar, for State Bar of Georgia.
*Walter Moore Henritze, Jr.,* for Henritze.