## IN THE MATTER OF REED.
### (SUPREME COURT DISCIPLINARY NO. 27)

PER CURIAM.
On October 31, 1979, Ted Holder Reed voluntarily submitted his resignation from the State Bar of Georgia. The State Disciplinary Board recommended acceptance, and that recommendation was approved by this Court. *In the Matter of Reed,* 244 Ga. 612 (261 SE2d 398) (1979). In June of 1980, he filed a petition for reinstatement, resulting in the appointment of a special master, a hearing, and the recommendation by the State Disciplinary Board, adopting those of the special master, that the petition be denied. The report of the Board holds, in part, as follows: "The offense committed by the Petitioner is an extremely serious offense since he was acting in the capacity of an officer of the Superior Court of the Blue Ridge Judicial Circuit. The seriousness of Petitioner's offense has not been offset by a sufficiently long term of rehabilitation. In *In the Matter of Ansley,* 241 Ga. 394 (1978), seven years were not a sufficiently long term to offset the seriousness of a bribery conviction. The Petitioner's voluntary resignation was accepted by the Supreme Court of Georgia on October 31, 1979."
To that recommendation, petitioner filed a brief in opposition, contending that the Board's recommendation is inconsistent with the finding of the special master, as approved by the Board, to the effect that petitioner has shown rehabilitation by clear and convincing evidence and, further, that he has undergone a change in

---

character and that his moral character is that of a person worthy of the title of attorney.

We are faced here with whether or not, in the absence of any evidence contradicting petitioner's contention as to his rehabilitation, and in the light of a finding of fact that he has been rehabilitated, the Board may deny readmission on the sole ground that not sufficient time has passed from the date of his voluntary resignation to the date of his application for readmission. Petitioner insists that the offense for which he was disbarred (accepting a bribe while serving as a probation officer) occurred in 1976, and that the period of time between then and the special master's hearing is substantially in excess of one year, and is ample time to demonstrate rehabilitation, relying upon *In the Matter of Johnson,* 244 Ga. 109, 110 (259 SE2d 57) (1979), which holds in part as follows: "[T]he crime causing disbarment fixes the starting point from which a petitioner for reinstatement must show rehabilitation." He further insists that the Board applied an arbitrary standard in stating that not sufficient time had expired between the date of his resignation and his application for readmission.

We disagree with both of these contentions. First, the petitioner was fully authorized to practice law from the date of the crime of bribery until the date of his voluntary submission, and the discipline imposed thereby has been in effect for but one year. Secondly, the offense for which he was disbarred is grievous indeed, and the Board is fully authorized to consider the nature and gravity of that offense in determining that the mere passage of one year is insufficient. Of necessity, the Board is granted latitude, and its recommendations in this matter in no way constitute an abuse thereof.

Accordingly, the findings and recommendation of the State Disciplinary Board and of the special master are approved.

*All the Justices concur.*

DECIDED JANUARY 7, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Jr., Assistant General Counsel State Bar,* for State Bar of Georgia.

*H. Steven Abernathy,* for Reed.