## IN THE MATTER OF MITCHELL.

(Supreme Court Disciplinary No. 57)

</div>

Per curiam.

In November 1979 Freeman Mitchell was disbarred from the practice of law in Georgia. *In the Matter of Mitchell,* 244 Ga. 766 (262

SE2d 89) (1979). The ground for disbarment was instructing witnesses to give false testimony.

We now have before us the issue of whether or not Mitchell should be reinstated and allowed to practice law. It is the recommendation of the State Disciplinary Board that Mitchell be reinstated.

After gathering a large amount of evidence the Special Master made findings of fact which were later adopted by the Board. At the time of the findings, Mitchell was 59 years old, and had practiced law in Atlanta 29 years prior to disbarment. He has been active in civic, church and family matters throughout the years. Numerous witnesses testified that his reputation was impeccable. Over 200 attorneys signed his petition for reinstatement. But for the infraction in this instance Mitchell's ethical standards were good during 29 years of practice.

In opposition to the petition for reinstatement the State Bar offered one witness who testified Mitchell approached him to sign the petition for reinstatement and informed him that a certain Superior Court Judge had also signed the petition. When the witness learned the Judge had not signed, he also declined to sign. Two other witnesses offered by the State Bar testified as to their belief that the act of subornation of perjury is of such a serious nature that reinstatement should never occur.

Mitchell has denied his guilt of subornation of perjury throughout these proceedings. To an indictment he entered a nolo contendere plea which he contends was done to avoid family embarassment a trial would have caused. This raises the question as to what role remorsefulness must play in rehabilitation. Can it be said that one who denies guilt and, therefore, is not remorseful for his wrongdoing has been rehabilitated? The question is best analyzed and answered by the logic of *In the Matter of Hiss,* Mass. 333 NE2d 429, 437 (1975). "Simple fairness and fundamental justice demand that the person who believes he is innocent though convicted should not be required to confess guilt to a criminal *act* he honestly believes he did not commit. For him, a rule requiring admission of guilt and repentence create a cruel quandary: he may stand mute and lose his opportunity; or he may cast aside his hard retained scruples and, paradoxically, commit what he regards as perjury to prove his worthiness to practice law. Men who are honest would prefer to relinquish the opportunity conditioned by this rule. . . ."

We hold that continued assertion of innocence following conviction is not conclusive proof of lack of rehabilitation. We have reviewed the record before us and agree with the Board that clear and convincing proof of rehabilitation and fitness have been shown.

It is hereby ordered that petitioner be reinstated as an attorney licensed to practice law in the State of Georgia.

*All the Justices concur, except Weltner, J., who is disqualified.*

DECIDED APRIL 21, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Jr., Assistant General Counsel State Bar,* for State Bar of Georgia.

*Clifford Oxford,* for Mitchell.

