# IN THE MATTER OF KLEPAK.
## (SUPREME COURT DISCIPLINARY No. 277)

PER CURIAM.

The State Disciplinary Board brought a proceeding against Robert M. Klepak, seeking his disbarment on the grounds of (1) his conviction in the United States District Court for the Northern District of Illinois, Eastern Division, for violation of Title 18, Section 371 of the United States Code, a felony involving moral turpitude, and (2) his disbarment from the practice of law in the State of Illinois — constituting grounds for disbarment under Standards 66 and 67, respectively, of Rule 4-102 of Part IV, Chapter 1 of the State Bar Rules.

The respondent admits the truth of the allegations of the formal complaint, but urges as mitigating circumstances that he was not on active enrollment in the Georgia Bar at the time of his offense, nor was he engaged in the practice of law in the State of Georgia on foreign license; that he pleaded guilty to the crime he was charged with because he was guilty, contrite, and remorseful, and his plea was not as a result of a plea bargain for a less severe sentence; that he had completed serving his 30-month sentence (one-year's imprisonment and 18-months' parole) without incident in June of 1981; that the crime of which he was convicted did not involve illegal acts as an attorney, but as a private citizen; that he brought no notoriety to the profession of law in Georgia nor to the State Bar of Georgia; that he voluntarily surrendered his law license in the State of Illinois; that, since he was not an active practitioner in the State of Georgia at the time of conviction, he felt no obligation to surrender his Georgia license, nor is he aware of any provision in the canons of ethics requiring him to inform the State Bar of Georgia of that conviction; that, after a four-year absence from the practice of law, he opened a law office in Atlanta, Georgia, on July 1, 1982; that as a result of his application for liability insurance in July of 1982, this inquiry was commenced; that he had, in the last 59 months, lived a quiet, peaceful, and law-abiding life; that he had, to his knowledge, never sustained a complaint with any bar as to his truth, veracity, honesty or competence as an attorney; that, prior to his illegal act, he enjoyed a blemish-free reputation, and, as a result of his mother's, father's, and sister's, memberships in the Bar of Illinois, he grew up in an atmosphere of the law; that he feels that he is qualified in all ways to practice law in the State of Georgia; that he is eligible for re-instatement in the State of Illinois; that, if he had been disbarred at the time of his conviction in the State of Georgia, under the rules

prevailing both then and now, he would be eligible for reinstatement in Georgia as well; that he had suffered irreparable economic and personal damage from his wrongful act, including but not limited to divorce, loss of earnings for nearly five years, legal expenses, incarceration, a felony record, and shame and loss of a good name and reputation; that, except for pro bono representation, he had voluntarily terminated his practice, awaiting the outcome of these proceedings; that all of his career he has contributed a substantial portion of his practice to pro bono representation, as he would continue to do if he is allowed to retain his license; that he possesses little if any marketable skills apart from the practice of law; that he has a deep-rooted love for the law, and will not rest until he has reinstated his license and redeemed his family name; that, as a result of his incarceration, conviction, and personal losses, no one could maintain that less than disbarment would depreciate his crime; that he has acquired valuable insight and knowledge in the fields of penology, post-conviction remedies, and administrative procedures in the pardon and parole and prison systems, which can make a contribution to criminal defense or prosecution in our state; that, as a felon, he represents little if any danger to his profession, for he shall always consider himself on probation with the State Bar of Georgia; that, as a result of his record, it is not likely that he shall ever become a member of a prestigious firm, but rather would be compelled to practice law as an individual practitioner; that, while such proceedings are confidential, he is sure that there is ample precedent for an ex-offender's either retaining his license or being reinstated in a time frame less than the five years that is involved here; that he believes that he can best repay society for his transgression, by way of retribution, by exercising the skills of his chosen profession for which he was trained, rather than working in some alternative field, in which he has no experience and little or no aptitude.

"A disciplinary proceeding is an inquiry into the fitness of a member of the bar and is designed to protect the public from improprieties that injure the trust in an attorney-client relationship. The purpose of suspending or disbarring an attorney is to remove from the profession one who by his conduct has proven himself unfit to carry out the duties and responsibilities entrusted to an attorney as a protector of the public and an administrator of justice. These proceedings are not necessarily designed to punish the attorney. [Cits.]" *In the Matter of Haupt,* 250 Ga. 422 (297 SE2d 284) (1982). "In arriving at the punishment to be imposed, precedents are of little aid, and each case must be largely governed by its particular facts and the matter rests in the sound discretion of the court. The question is

not what punishment may the offense warrant, but what does it require as a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession." *In the Matter of Dowdy,* 247 Ga. 488, 493 (277 SE2d 36) (1981). "We do not review decisions of the State Disciplinary Board in the same way we do court decisions. The board recommends; we review." *In the Matter of Johnson,* 244 Ga. 109, 110 (259 SE2d 57) (1979). "Of necessity, the Board is granted latitude..." *In the Matter of Reed,* 248 Ga. 748, 749 (285 SE2d 726) (1982).

We do not find that the Board's recommendation of disbarment constitutes an abuse of its latitude of discretion. In *In the Matter of Reed,* 248 Ga. 748, supra, we held that the Board is fully authorized to consider the nature and gravity of the offense in determining that the passage of a given period of time thereafter is insufficient for rehabilitation, citing *In the Matter of Ansley,* 241 Ga. 394 (245 SE2d 657) (1978), as an illustration that even seven years were not a sufficiently long term to offset the seriousness of a bribery conviction. Our review of the 20 cases in this court that we have found involving Standard 66 reveals that 18 of them involved only Standard 66, that 15 of them resulted in disbarment or equivalent, and that a majority of these were voluntary. The present case involves not only Standard 66, but also Standard 67 — disbarment by another State. While it may be true that the respondent voluntarily surrendered his license in Illinois, the fact remains that there were sufficient grounds for disbarment under both Illinois and Georgia law. It is also true that, while a period of rehabilitation time had already transpired prior to the discovery by the State Bar of Georgia of the violation of the two State Bar of Georgia standards, there had been no official sanction imposed by the State of Georgia. The sanction of disbarment, which the Board recommended and which this court approves, need not necessarily be permanent, as the respondent has the right to petition for reinstatement in the future.

In accordance with the recommendation of the State Disciplinary Board, it is ordered that the respondent, Robert M. Klepak, be disbarred from the practice of law in the State of Georgia, that his name be stricken from the roll of attorneys, and that he be readmitted to the State Bar of Georgia only upon compliance with the reinstatement rules of the State Bar of Georgia in effect at the time of any petition for reinstatement he may file in the future.

*It is so ordered. All the Justices concur.*

DECIDED MAY 4, 1983.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.