## IN THE MATTER OF CROSBY.
### (SUPREME COURT DISCIPLINARY NO. 289)

PER CURIAM.

This is a petition for reinstatement to membership in the Bar of this State brought by Abe Crosby, Jr.

Petitioner was admitted to membership in the State Bar in 1955. He engaged in the practice of law until he was indicted by a Grand Jury in Bibb County. The indictment resulted in his conviction on two counts in March of 1974. One count was a misdemeanor, conspiracy to commit crimes, and the other count was a felony, theft by receiving a stolen automobile. Crosby voluntarily surrendered his license to practice law in February 1975. Following his conviction he served time in the prison system of Georgia until his parole in November 1975. In July 1976, he completed the parole term and his civil rights were restored.

In support of his petition for reinstatement Crosby obtained signatures of over 100 active members of the State Bar.

A hearing was conducted before a Special Master in which Crosby, numerous attorneys, and others testified. Crosby's testimony indicated he has kept abreast of the law in recent years, that he has worked as a clerk with attorneys, and as a laborer. He testified that, during 1978, he served 57 days in jail for contempt of court in failing to comply with alimony and child support payments required by his divorce decree. This related at least in part to arrearages which accumulated during his time in prison. He later arranged for the payments to be made through the sale of a nursing home which he owned.

The Special Master recommended petitioner be reinstated. The State Disciplinary Board recommended he not be reinstated.

"Once an attorney's unfitness has been demonstrated he must

establish his rehabilitation by clear and convincing proof before the reinstatement will be allowed." *In the Matter of Henritze,* 247 Ga. 620, 622 (278 SE2d 383) (1981). While we have held that our function in reviewing a recommendation of the State Disciplinary Board differs from our function in reviewing court decisions, the ultimate decision is ours. *In the Matter of Johnson,* 244 Ga. 109, 110 (259 SE2d 57) (1979). Nonetheless, we give great weight to the Board's recommendation. We have even held that with no evidence contradicting a petitioner's contention as to rehabilitation, the Board may recommend a denial of reinstatement on the sole ground not enough time has passed since disbarment or surrender of license. *In the Matter of Reed,* 248 Ga. 748 (285 SE2d 726) (1982).

In this case, though there is considerable evidence of rehabilitation, we elect to follow the recommendation of the Board.

*The petition for reinstatement is denied. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED FEBRUARY 10, 1984 —
REHEARING DENIED FEBRUARY 28, 1984.

*Omer W. Franklin, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Frank B. Lanneau III,* for Crosby.