### IN THE MATTER OF HESTER.
(SUPREME COURT DISCIPLINARY No. 279)
(320 SE2d 541)

PER CURIAM.

Hester was removed from the practice of law by order of this Court on July 8, 1981, *In the Matter of Hester,* 247 Ga. 791 (279 SE2d 711) (1981), after he was convicted in February 1980 in federal court of 12 counts of bank fraud. Upon conviction Hester received a sentence of ten years in prison and a $60,000 fine. Hester's sentence was later reduced to three years in prison and five years on probation. On July 15, 1982 his sentence was again modified, to the period of confinement already served. Hester was then released from prison, but was still subject to probation and the $60,000 fine.

Petitioner filed for reinstatement as a member of the bar in August 1982, one year and one month after his removal from the practice of law. (At that time the minimum period after disbarment subsequent to which a petition for reinstatement could be filed was one year. State Bar Rules and Regulations, Rule 4-304, 238 Ga. 739, 851 (1977). This court amended the reinstatement rules in September of 1982 to provide that no petition for reinstatement can be filed within three years following disbarment. Id. Amendments, 249 Ga. 883, 911 (1982).)

The State Bar of Georgia filed a memorandum in opposition to Hester's petition for reinstatement, stating that both the nature of the offenses for which he was removed from the practice of law and the short amount of time that had elapsed since his removal weighed heavily against reinstatement. Moreover, the State Bar noted that Hester was on probation, his civil rights had not been restored, and he had paid no part of his fine.

This court appointed a Special Master on October 18, 1982, who, after a hearing, issued a ruling on August 24, 1983 denying petitioner's request for readmittance to the practice of law, giving as his reasons that petitioner had not completed his probation in all re-

spects, and that his civil rights had not been restored. On April 11, 1984 the federal court discharged Hester from probation, Hester apparently having paid his fine shortly before said discharge. On April 11, 1984 petitioner also filed a motion for reconsideration with the Special Master, alleging that his probation had been completed in every respect and that he had filed an application for the restoration of his civil and political rights.

On April 25, 1984 the Special Master ruled on the motion for reconsideration, finding that petitioner should be readmitted to the practice of law. On May 17, 1984 the State Board of Pardons and Paroles restored his civil and political rights. On June 15, 1984 the State Disciplinary Board filed its report in this court, disagreeing with the Special Master's finding and recommending that petitioner not be readmitted.

It is obvious that each petition for reinstatement is unique and presents facts and factors distinct from other such petitions. Under the standards this court has established for reinstatement to the practice of law and membership in the State Bar of Georgia, a petitioner has the burden of proving facts claimed to justify reinstatement. *In the Matter of Johnson*, 244 Ga. 109, 111 (259 SE2d 57) (1979). Specifically, a petitioner must present clear and convincing proof of rehabilitation and fitness. Id.; *In the Matter of Mitchell*, 249 Ga. 280 (290 SE2d 426) (1982).

In his petition Hester urged that the following factors be considered: (1) the nature and character of his crime; (2) the amount of public confidence inspired by his subsequent life; (3) his character, standing, and professional reputation; (4) the sufficiency of the punishment; (5) the likelihood of recidivism; (6) his appreciation for the legal system; (7) his rehabilitation, attitude, and conduct; (8) his moral and ethical standards; (9) his maintenance of legal skills; (10) and the integrity and standing of the Bar and the administration of justice.

At the hearing before the Special Master, petitioner testified that prior to his conviction, no grievance was ever filed against him with the State Bar; that he has never lost his respect for the legal system; that he has no bitterness against that system or against those who might testify against his readmittance petition; and that he maintained his legal skills during incarceration by giving legal assistance to some 1,400 fellow inmates, as detailed by two logs of daily consultations, and by representing himself, pro se, in a complex civil action against the FDIC, which required 76 days of furlough from prison and the deposition of 24 parties. Petitioner further testified that he petitioned for reinstatement shortly after his release from prison because he understood that the minimum waiting period for filing for reinstatement after disbarment would soon be changed to 3 years, and

that if he had waited 3 years he would have been 60 years old when reinstated, which he considered too old to resume law practice.

Petitioner further stated that he had no assets; had several large judgments against him; was currently employed as a consultant to an executive search firm in Atlanta; and if reinstated would like to focus his practice on the type of criminal law he dealt with while in prison.

In addition, almost without contradiction, petitioner was shown to be a deeply religious family man whose character, standing, and reputation in his community prior to his conviction were excellent in all respects. Indeed, many of his friends and legal associates said that after his conviction, petitioner was the kind of man who did not need rehabilitation, but that if anything, his personal faith and respect for the law, had been deepened and strengthened by his experience.

Applying the factors for consideration of readmittance listed above to the facts of this case, the Special Master found that Hester had proved himself worthy of readmittance. For the reasons stated in the Special Master's findings, this court declines to accept the recommendation of the State Disciplinary Board, and finds that the petitioner has clearly and convincingly proved his rehabilitation and fitness to be readmitted to the practice of law, and hereby orders that he be reinstated as an attorney licensed to practice law in the State of Georgia.

*All the Justices concur.*

DECIDED OCTOBER 2, 1984.

*Omer W. Franklin, Jr., General Counsel State Bar, Viola L. Sellers, Assistant General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Harry L. Cashin, Jr.,* for Hester.