## IN THE MATTER OF HAROLD W. SPENCE.
### (SUPREME COURT DISCIPLINARY No. 399)
#### (326 SE2d 768)

PER CURIAM.

Mr. Spence was charged with violation of Disciplinary Standards Nos. 4 and 45 of Bar Rule 4-102.

Mr. Spence received a retainer fee of $850 to represent Mr. Arthur W. Humphreys in a termination of employment case involving Riverside Manufacturing Company in Moultrie, Georgia. Mr. Humphreys specifically discussed with Mr. Spence the fact that there was a 180-day time limitation within which the complaint against Riverside must be filed and that the initial draft of the complaint prepared by Mr. Spence was inaccurate. Whereupon Mr. Humphreys revised the complaint and returned it to Mr. Spence within the 180-day time limit. Mr. Spence filed the complaint 3 days late and Riverside filed a motion for summary judgment on the grounds that the complaint was not filed within the 180 days after the alleged prohibited conduct occurred.

In opposition to Riverside's motion for summary judgment, Mr. Spence filed an affidavit regarding the date of termination, signed and attested by a notary public purporting it to be that of Mr. Humphreys. Mr. Humphreys did not sign or authorize the affidavit contending that the statements contained therein were not true. On December 10, 1982, summary judgment was granted and the Court of Appeals affirmed, with Mr. Humphreys purported affidavit being included in the appeal. Mr. Humphreys was not aware of the affidavit until on or about April 9, 1983. He made a trip to Atlanta on May 24, 1983 to review the case file in the Court of Appeals. Here he discovered for the first time the purported affidavit. Mr. Humphreys discharged Mr. Spence as his attorney on May 27, 1983 and advised the Court of Appeals that the affidavit was not his and did not truthfully represent the facts of the case.

On November 11, 1983, the Court of Appeals affirmed the trial court's granting of summary judgment in favor of Riverside inasmuch as the action was not timely filed.

By reason of the foregoing facts, Mr. Spence has engaged in professional conduct involving dishonesty, fraud, deceit, and wilful misrepresentation in violation of Standard 4 of State Bar Rule 4-102.

In addition, Mr. Spence has knowingly used false evidence, made a false statement of fact, and participated in the creation of evidence when he knew the evidence was false which is in violation of Standard 45 of State Bar Rule 4-102.

On July 6, 1984, Mr. Spence acknowledged due and legal service of the disciplinary proceedings against him. He did not file an answer thereto and on September 12, 1984, based upon a motion by the State Bar of Georgia by findings of fact and law by default, the Special Master in an order pursuant to Bar Rule 4-212 (a) established the facts and legal conclusions in the formal complaint by the State Bar as directed.

Mr. Spence on October 23, 1984, filed a motion to open default. It was denied and the allegations contained in the State Bar's formal complaint were deemed admitted by operation of default.

The Special Master submitted the findings of facts and the conclusions of law to the State Disciplinary Board to the State Bar of Georgia for their consideration and response thereto.

On February 4, 1985 the findings of facts and conclusions of law made by the Special Master in his final report were adopted by the State Disciplinary Board. Pursuant to the adoption of the Special Master's Report, the State Disciplinary Board recommends that the respondent Harold W. Spence be disbarred from the practice of law in the State of Georgia. This Court hereby adopts the recommendation of the State Disciplinary Board.

It is ordered that HAROLD W. SPENCE be disbarred from the

practice of law in the State of Georgia and his name be stricken from the roll of attorneys.

*All the Justices concur.*

DECIDED MARCH 15, 1985.

*William P. Smith III,* General Counsel State Bar, *Bridget B. Bagley,* Assistant General Counsel State Bar, for State Bar of Georgia.