IN THE MATTER OF TED HOLDER REED.
(SUPREME COURT DISCIPLINARY No. 457)
(368 SE2d 499)

PER CURIAM.

This is a petition for reinstatement to membership in the Bar of this State.

Reed was licensed to practice law on June 14, 1976. Following his admission to the State Bar, he was employed as a probation officer with the Department of Corrections/Offender Rehabilitation. While employed as a probation officer he was arrested and indicted for the offense of bribery. Reed pled guilty to this offense on February 4, 1977. He was given a three-year probationary sentence under the First Offender Act and fined $3,000. Reed has successfully completed all aspects of his sentence concerning the aforesaid charge of bribery and was discharged without court adjudication of guilt under the provisions of the First Offender Act.

In 1978, the State Bar filed a formal complaint against Reed seeking his disbarment. Thereafter, Reed admitted the incident described above and tendered his resignation from the State Bar of Georgia. The State Disciplinary Board recommended the acceptance of his resignation from the State Bar. On October 31, 1979, this court approved the recommendation and struck Reed's name from member-

ship in the State Bar. *In the Matter of Reed*, 244 Ga. 612 (261 SE2d 398) (1979).

Reed first filed for reinstatement to the Bar in July 1980. On August 21, 1981, the State Disciplinary Board recommended that his application for reinstatement be denied. On January 7, 1982, this court upheld the State Disciplinary Board's denial of respondent's application for reinstatement. *In the Matter of Reed*, 248 Ga. 748 (285 SE2d 726) (1982).

On June 6, 1985, Reed again filed a petition for reinstatement. This court appointed a Special Master, who, following a hearing, concluded that Reed had shown rehabilitation by clear and convincing evidence which was unrebutted by the State Bar. The Special Master further concluded

> that the continuing evidence of remorse, rehabilitation, moral character and integrity which [Reed] has shown since his disbarment strongly suggest that the seriousness of [his] conviction of bribery has been offset by a sufficiently long term of rehabilitation such that he is a person again worthy of the title "attorney."

The Special Master recommended that Reed be reinstated as a member of the Georgia Bar.

On December 18, 1987, the Review Panel of the State Disciplinary Board approved and adopted the findings of fact and the conclusions of law of the Special Master, and recommended that Reed be reinstated as a member of the State Bar.

We have carefully reviewed the record and hereby approve the recommendation of the State Disciplinary Board. We therefore order that the petitioner be reinstated as an attorney licensed to practice law in the State of Georgia, conditioned upon his taking and passing the Multistate Code of Professional Responsibility portion of the Bar Examination. Rule 4-305 of the Rules and Regulations for the Organization and Government of the State Bar of Georgia (as provided when the petitioner made application for reinstatement).

*All the Justices concur.*

DECIDED JUNE 1, 1988.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Richard E. Johnson,* for Reed.