## S93Y0661. IN THE MATTER OF CHARLES C. CARTER.
### (426 SE2d 897)

PER CURIAM.
The State Bar of Georgia filed a formal complaint against the Respondent, Charles C. Carter, alleging that he took a fee to represent a client in a divorce action in Alabama, although he was not admitted to practice in that state; that he neglected the matter en-

trusted to him; that he made misrepresentations to the client regarding both the status of the client's divorce proceedings and Respondent's ability to practice in Alabama; that he withdrew from representing the client without taking reasonable steps to avoid foreseeable prejudice to the client; that he failed to refund to the client any portion of the fees paid by the client; that he failed to respond to the client's grievance and failed to cooperate with the Investigative Panel of the State Bar, and that this conduct violated Standards 4, 22, 23, 44, 45 and 68 of Bar Rule 4-102.

Respondent acknowledged his admission of the foregoing because of his failure to respond to the formal complaint, but, at a hearing before the special master, offered evidence in mitigation in response to the State Bar's evidence in aggravation. The evidence in aggravation consisted of the fact that Respondent had an apparent pattern of conduct in dealing with clients and the State Bar in the same or similar manner as shown in this disciplinary action; that Respondent's conduct included intentional misrepresentations and dishonesty; and that Respondent had been a member of the Bar of this state for 17 years and could not claim his conduct resulted from inexperience. Evidence in mitigation consisted of the fact that a final divorce was granted to the client through Respondent's efforts and that Respondent has not previously been subjected to punishment by the State Bar. The special master considered as both aggravating and mitigating the fact that Respondent has been suspended for three years by the Alabama State Bar Association for the same conduct involved in this case.[1] The review panel of the State Disciplinary Board approved and adopted the special master's findings, conclusions and recommendation that Respondent be suspended for one year.

We agree with the State Bar that the fact that Respondent has been suspended for three years by the Alabama State Bar Association for the conduct which is the subject of this proceeding should be considered in aggravation only. The special master, while considering the proceedings in Alabama as an aggravated circumstance, also concluded that the three-year suspension by that state's bar association served as mitigation because Respondent has already been punished once for the conduct which is the subject of this disciplinary action. However, as the State Bar points out, the purpose of suspension or

---

[1] Respondent was the subject of a disciplinary proceeding in Alabama based on the same conduct which is the subject of this disciplinary proceeding. Respondent was charged in Alabama with various violations of the Rules of Professional Conduct of the Alabama State Bar, including the unauthorized practice of law as the result of his failure to purchase a license to practice law in Alabama for the year which included the time during which he represented the complainant. He purchased a license to practice law in Alabama the subsequent year. Following his default in the Alabama disciplinary proceeding, the Alabama State Disciplinary Board ordered Respondent suspended from the practice of law for a period of three years.

disbarment is to

> remove from the profession one who by his conduct has proven himself unfit to carry out the duties and responsibilities entrusted to an attorney as a protector of the public and an administrator of justice. These proceedings are not necessarily designed to punish the attorney. [Cit.]

*In The Matter of Klepak,* 250 Ga. 892, 893 (302 SE2d 356) (1983). While Respondent was not given notice or charged with violation of Standard 67, which authorizes disbarment or suspension by another state as a ground for disbarment or suspension in this state, that provision is consistent with our conclusion that disciplinary action in another state should not be construed to mitigate discipline for the same conduct in this state.

Accordingly, we agree with the State Bar that the appropriate discipline in this case is a three-year suspension. We hereby order that Charles C. Carter be suspended from the practice of law for three years, effective March 10, 1993. He is ordered to notify his clients of his suspension and to take all necessary action to protect their interests.

*Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED MARCH 15, 1993.

*William P. Smith III, General Counsel State Bar, Marie L. McCarthy, Assistant General Counsel State Bar,* for State Bar of Georgia.