In the Matter of the Application for DIS-CIPLINARY ACTION AGAINST Michael R. LOCHOW, A Member of the Bar of The State of North Dakota.

DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,

v.

Michael R. LOCHOW, Respondent.

Civ. No. 920215.

Supreme Court of North Dakota.

July 1, 1993.

Vivian Elaine Berg (argued), Bismarck, for petitioner.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for respondent; argued by Bruce D. Quick.

PER CURIAM.

The Disciplinary Board petitions for reciprocal discipline under Rule 4.4 of the North Dakota Procedural Rules for Lawyer Disability and Discipline (NDPRLDD), recommending that discipline identical to that imposed by the Supreme Court of Minnesota be imposed on Michael R. Lochow. *See In re Disciplinary Action Against Lochow,* 469 N.W.2d 91 (Minn. 1991). We accept the Board's recommendation and impose the identical discipline.

Lochow was admitted to practice law in this state in July 1974. He stipulated to the facts and rule violations in Minnesota, and they are detailed in that case. *Lochow,* 469 N.W.2d at 91. We briefly summarize those facts here.

Lochow and his partner, William Gray, were retained by Susan Peterson to probate the estate of her late husband, who died in a plane crash. The estate was large, and the representation included complex litigation arising from the plane crash and circumstances of Peterson's death. At Gray and Lochow's request, Peterson deposited with them a total of $72,500. That money was placed in a client trust account, but some of the funds were later transferred to another account that did not qualify as a client trust account. Lochow made transfers and withdrawals of funds without Peterson's knowledge or consent, and he did not provide periodic accounting to Peterson about the use of the funds.

Lochow conceded that the procedures he used in withdrawing and transferring these funds were inappropriate. He also conceded that he charged excessive fees, that he neglected the file and failed to close the estate promptly, and that he then made misrepresentations and deceptive statements to the court and to the Minnesota director of lawyer discipline. For those acts of misconduct, the Minnesota Supreme Court suspended Lochow from the practice of law in Minnesota for at least six months, required him to pay costs, and subjected him to two years supervised probation after reinstatement to practice law. The Disciplinary Board recommends that we impose the same discipline against Lochow in this state.

█ The disciplinary rules are clear and specific about this court's duty when a lawyer, who is admitted to practice in this state, has been disciplined in another jurisdiction:

> D. *Discipline.... [T]his court shall impose the identical discipline unless the lawyer demonstrates and this court finds that upon the face of the record from which the discipline is predicated, it clearly appears that:*
>
> (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give

rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or

(3) *The imposition of the same discipline by the court would result in grave injustice; or*

(4) *The misconduct established warrants substantially different discipline in this state.*

If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. In all other aspects, a final determination in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state. Rule 4.4 NDPRLDD. (Emphasis added). Ordinarily, in a disciplinary proceeding against an attorney, we measure the record with a standard of proof that requires clear and convincing evidence. *Matter of Disciplinary Action Against Larson,* 450 N.W.2d 771 (N.D.1990). However, a lawyer who has been disciplined in another jurisdiction has the burden under Rule 4.4 NDPRLDD to demonstrate that identical, reciprocal discipline should not be imposed.

█ Here, Lochow argues that we should not impose reciprocal discipline because to do so "would result in grave injustice" and because his misconduct "warrants substantially different discipline in this state." Lochow asserts that imposing identical discipline would constitute a grave injustice because: (1) he has already incurred substantial expenses related to the Minnesota disciplinary proceedings; (2) when he was suspended in Minnesota, he lost his North Dakota position as a judicial referee; (3) he stipulated to the facts in the Minnesota disciplinary proceedings, rather than contest the allegations there, because he had only a limited practice in Minnesota; and (4) the Minnesota court, in imposing discipline, relied too heavily on the ground that Lochow charged excessive probate fees.

Lochow concedes the wrongful conduct that was the basis for the Minnesota discipline, but he claims that he stipulated to

the facts, rather than contest them, because his limited Minnesota practice did not financially justify the expense of litigating. We do not understand how this helps Lochow. He concedes committing the wrongful acts, as charged. The truth of the charges is reason enough for stipulating to them; it is not a ground for lessened discipline. When Lochow stipulated to the circumstances of his discipline in Minnesota, he should have been aware of the disciplinary rules in this state and also aware that his wrongful conduct as a lawyer in Minnesota would subject him to reciprocal discipline here.

In imposing discipline against Lochow, the Minnesota Supreme Court did not place much significance on the excessiveness of his probate fees. The Minnesota court clearly emphasized that Lochow's misrepresentations to the court and to the disciplinary director were the most serious aspects of his misconduct, warranting severe discipline.

The facts that Lochow incurred expenses in the Minnesota disciplinary proceedings and lost his job as a court officer because of his wrongdoing do not, in our opinion, constitute circumstances that should avoid reciprocal discipline. Those are natural consequences of Lochow's wrongful conduct. *Matter of Carter*, 262 Ga. 886, 426 S.E.2d 897, 899 (1991) (disciplinary action in one state does not mitigate discipline for the same conduct in another state). We are not convinced that these factors demonstrate that imposing a reciprocal six month suspension from law practice here would constitute a grave injustice to Lochow.

■ Lochow also argues that his misconduct warrants less discipline here than in Minnesota, because the trust account improprieties, while violating Minnesota's strict rules on client trust accounts, did not violate North Dakota's rules on handling client funds. We disagree.

Mainly, Lochow's misuse of his client's funds "consisted of failing to advise the client properly when withdrawals of money for attorney fees and costs were being made and to explain, justify and give accountings thereof." *Lochow*, 469 N.W.2d

at 98. Then applicable DR 9–102(B)(3), North Dakota Code of Professional Responsibility, said:

A lawyer shall:

\* \* \* \* \* \*

Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

*See also* N.D. Rules of Professional Conduct 1.15 (current rule). So, Lochow's transfers and withdrawals of funds without Peterson's knowledge or consent and without periodic accountings to Peterson violated the North Dakota Code of Professional Responsibility, as well.

■ Lochow also argues that his misconduct warrants less discipline in this state, because other lawyers misusing client funds have received a lesser discipline than that imposed against Lochow by the Minnesota court. The cases cited by Lochow are inapposite, because none of them involved all of the elements of misconduct that are present here. Each disciplinary case must be decided on its own particular facts. *Larson*, 450 N.W.2d at 774. The suspension imposed against Lochow for his misconduct is within the guidelines. North Dakota Standards for Imposing Lawyer Sanctions, 4.12, 4.42, and 6.12. Furthermore, the Minnesota Supreme Court explained:

[W]hen "a lawyer demonstrates a lack of that truthfulness and candor that the courts have a right to expect of their officers to the end that the system of justice will not be undermined, courts do not hesitate to impose severe discipline." ... The proper focus then is not on the harm caused by the attorney, but the fact that misrepresentations were made before a judicial officer.

\* \* \* \* \* \*

[R]espondent chose to engage in a series of misleading and deceptive disclosures to both the court and the director. For that, he must be disciplined.

*Lochow*, 469 N.W.2d at 99. (Citation omitted). We agree that Lochow's deceptions

and misrepresentations, more than Lochow's other misconduct, call for severe discipline.

Lochow also asserts that we should impose less discipline here because there are mitigating circumstances, including his good record as an attorney, his community service, and his pro bono legal work. We agree with Lochow that these are positive mitigating factors. However, they were expressly recognized and taken into consideration by the Minnesota Supreme Court in imposing discipline there. *Lochow*, 469 N.W.2d at 96. Consequently, they are not new matters that warrant different discipline in this state.

We conclude that Lochow has failed to clearly demonstrate that reciprocal discipline would result in grave injustice or that his misconduct warrants different discipline in this state. Consequently, we accept the Disciplinary Board's recommendation and order that identical discipline be imposed.

We order that Michael R. Lochow's certificate of admission to practice law in this state be indefinitely suspended, effective August 1, 1993, and that he not be eligible to petition for reinstatement for a period of six months. We further order that Lochow pay costs and expenses of $1,067.33. We further order that if Lochow is reinstated to practice law in this state, he shall be subject to two years supervised probation under a North Dakota attorney and shall maintain trust accounts, books, and records as required by the North Dakota Rules of Professional Conduct.

VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ., and RALPH J. ERICKSTAD *, Surrogate Judge, concur.

---

* RALPH J. ERICKSTAD, Surrogate Judge sitting in place of LEVINE, J., disqualified.