S00Y0011. IN THE MATTER OF HAROLD W. SPENCE.

(523 SE2d 323)

PER CURIAM.

This disciplinary matter is before the Court, pursuant to Bar Rule 4-302, on the Motion for Order Approving Petition for Reinstatement and Certification of Fitness to Practice Law of Harold W. Spence. The State Bar filed a Response stating no intention to file exceptions to Spence's Motion and asking this Court to proceed with a review of the record and a decision on the Motion.

Spence, who was admitted to the State Bar of Georgia in June 1981, was disbarred by order of this Court on March 15, 1985 for his violations of Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and 45 (in the representation of a client, a lawyer shall not, among other things, knowingly use perjured testimony or false evidence, knowingly make a false statement of law or fact, or partici-

---

pate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false) of Bar Rule 4-102 (d). See *In the Matter of Spence*, 254 Ga. 109 (326 SE2d 768) (1985). The violations occurred when Spence signed his client's name to an affidavit and filed the affidavit in response to a motion for summary judgment. Although Spence claimed that he had the client's permission to sign the affidavit, which the client disputed, his claim was not considered as he failed to file a timely response to the State Bar's Formal Complaint.

Subsequent to Spence's filing of his Petition for Reinstatement, Spence satisfied the signature requirement of State Bar Rule 4-301 (c) (i) and a hearing was conducted by a special master at which Spence acknowledged unequivocally that he erred by signing his client's name to the affidavit in question and at which 17 witnesses appeared to testify on Spence's behalf. Recognizing that Spence had the burden of establishing his rehabilitation by clear and convincing proof, see *In the Matter of Henritze*, 247 Ga. 620, 622 (278 SE2d 383) (1981), and that "each petition for reinstatement is unique and presents facts and factors distinct from other such petitions," see *In the Matter of Hester*, 253 Ga. 365, 366 (320 SE2d 541) (1984), the special master recommended, in a report filed December 12, 1997, that Spence's Petition be granted. The Review Panel of the State Disciplinary Board also recommends that Spence's Petition be granted and, the Board to Determine Fitness of Bar Applicants has approved Spence's application for certification of fitness to practice law.

We have carefully reviewed the record and conclude that Spence has met his burden of proof and is entitled to be readmitted to the practice of law in this State. We note that the evidence presented proved clearly, convincingly, and overwhelmingly that Spence is rehabilitated and fit to be readmitted to the practice of law; that Spence has stayed abreast of the law through his work as a paralegal and legal researcher and through reading slip opinions and that this work has allowed him to maintain the professional proficiency and legal skills necessary to resume a career as a competent attorney; that his character, standing and reputation in his community were excellent prior to his disbarment and have continuously remained so; that his conduct since disbarment has been exemplary in all respects; and that he has accepted full responsibility for and been extraordinarily repentant and remorseful for the conduct which resulted in his disbarment. See *In the Matter of Hendrix*, 255 Ga. 116 (335 SE2d 587) (1985); *In the Matter of Henritze*, supra; *In the Matter of Mitchell*, 249 Ga. 280 (290 SE2d 426) (1982); *In the Matter of Matthews*, 257 Ga. 264 (359 SE2d 144) (1987).

The recommendation of the State Disciplinary Board is approved and it is hereby ordered that Spence be reinstated as a member of the

State Bar of Georgia upon his compliance with all of the requirements for reinstatement as imposed by the Rules and Regulations of the State Bar of Georgia, including, but not limited to Bar Rule 4-305.

*Reinstatement upon compliance with requirements. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.