## S02Z0460. IN THE MATTER OF HAROLD WAYNE SPENCE.
(563 SE2d 129)

PER CURIAM.

Appellant Harold Wayne Spence appeals the decision of the Board to Determine Fitness of Bar Applicants ("the Board") to deny his application for a certificate of fitness to practice law. While we generally are deferential to the Board in these matters, for the reasons explained below, we conclude that the Board abused its discretion in this particular case. Therefore, we reverse the Board's deci-

sion to deny Spence certification as fit to practice law in Georgia.

After being admitted to the State Bar in 1981, Spence was disbarred in 1985 when he failed to respond to a Bar complaint alleging that he had forged a client's signature on an affidavit filed with the trial court. Spence sought reinstatement in 1997. In December of that year, the Special Master reported that Spence was fully rehabilitated and recommended reinstatement. In May 1998, the Disciplinary Review Panel issued a report unanimously adopting the Special Master's findings, and also recommended reinstatement. In September 1999, the Board announced it had found "clear and convincing evidence to support a decision agreeing with the recommendation of the Review Panel," and voted to approve Spence's application for certification to practice law. Thereafter, this Court approved Spence's petition for reinstatement, finding that the evidence "proved clearly, convincingly, and overwhelmingly that Spence is rehabilitated and fit to be readmitted to the practice of law[.]"[1]

Spence sat for the February 2000 Bar examination. In April 2000, prior to the release of the exam's results, the Office of Bar Admissions received a letter from attorneys for Rutgers University stating that Spence had failed to make any payments on his law school loans since December 1999. An informal conference was convened, at which Spence acknowledged that he had unilaterally stopped payment to Rutgers from December 1999 until April 2000. Spence admitted that this action constituted a default on his loan obligations, and conceded that he should have contacted both Rutgers and the Board to explain the situation. Spence went on to explain that he had stopped making payments to Rutgers because he opted to allocate his limited financial resources to pay for his teenage daughter's participation in an overseas summer study program. Spence explained that because of the family's financial condition, the only way possible for his daughter to attend the overseas study session was for him to forego his payments to Rutgers. At the informal conference, Spence clarified that since his default, he had paid the four month arrearage owed to Rutgers, and had also paid his Rutgers loan obligations for the following six months.

Thereafter, the Board decided to tentatively deny Spence's application for certification and issued specifications against Spence. Spence sought a formal hearing, which was held in August 2001. At the hearing, a number of witnesses, including respected attorneys and a federal judge (through affidavit testimony), offered glowing praise of Spence's fitness and character. The Hearing Officer found that the evidence of Spence's "integrity, character, and moral fitness

---

[1] *In the Matter of Spence*, 271 Ga. 630, 632 (523 SE2d 323) (1999).

[was] compelling," and recommended that the Board's specifications be rejected and that Spence be certified to practice law. The Board rejected the Officer's recommendation and denied Spence a certificate of fitness to practice law. This appeal follows.

This Court is, of course, very deferential to the Board in these matters. Generally, if there is any evidence to support the Board's decision regarding the fitness of a Bar applicant, it will be upheld.[2] Nonetheless, the ultimate decision regarding a Bar candidate's fitness to practice law is made by this Court.[3]

The Board argues the evidence shows that Spence is fiscally irresponsible and therefore unfit for Bar membership. However, that argument overlooks the fact that at the time of the formal hearing on the Board's specifications, Spence had complied with the Board's policy of requiring six current and consecutive months of timely payments on all financial obligations. While Spence's compliance with the Board's requirement by no means vitiates his earlier lapse in his loan payments to Rutgers, it does militate against a conclusion that Spence lacks any fiscal responsibility. Moreover, we note the record indicates that when he was disbarred in 1985, Spence was burdened with substantial debt. For the next twelve years, in lieu of seeking bankruptcy protection, Spence worked several jobs until he managed to satisfy his creditors. Only then did he seek reinstatement. This, we believe, evidences that Spence possesses the required fiscal integrity to warrant his certification as fit for readmission to the Bar.

The Board also urges that Spence defaulted on his commitment to stay current on all of his financial obligations, made when he was certified to sit for the Bar exam. This default, argues the Board, combined with Spence's failure to contact either Rutgers or the Board and inform them of his lapsed payments, is reflective of a pattern of conduct that demonstrates a lack of integrity, character and moral fitness, rendering Spence unfit for readmission to the practice of law.

The Board is correct that Spence should have contacted Rutgers and the Board to explain his circumstances, and also should have attempted to make alternative arrangements to pay his debt to Rutgers. As Spence concedes, his failure to do so shows a lack of sound judgment on his part. However, we disagree with the Board that Spence's actions show a currently existing pattern of dishonest behavior and demonstrates that he is morally unfit to practice law in Georgia. The record reflects that this is an isolated instance, and is not (at this time) part of a larger pattern of deceitful or dishonest conduct. As noted, Spence not only satisfied his arrearage, but also

---

[2] *In the Matter of C. R. W.,* 267 Ga. 534, 535 (481 SE2d 511) (1997).
[3] See *In the Matter of Johnson,* 244 Ga. 109, 110 (259 SE2d 57) (1979).

honored the financial obligations required of all candidates for Bar admission.

The burden of proof of fitness to practice law in a readmission proceeding is, of course, on the petitioner.[4] We have already held that Spence satisfied that burden "clearly, convincingly, and overwhelmingly."[5] Regarding his lapsed payments to Rutgers, Spence admits his error, accepts full responsibility for his conduct, and regrets the fact that his actions have once again brought scrutiny upon his fitness to rejoin the Bar. Based upon our review of the entire record and for the reasons stated above, we conclude that Spence's lapse in payments on his student loan obligations does not altogether negate our earlier determination that Spence is fit to practice law in Georgia. Therefore, the Board's decision to deny certification is reversed, and it is ordered that Spence's application for a certificate of fitness to practice law be granted.

*Certificate of Fitness to Practice Law granted. All the Justices concur.*

DECIDED MAY 13, 2002.

*Kilpatrick Stockton, Michael W. Tyler,* for Spence.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General, Hulett H. Askew,* for Bar Admissions.

---

[4] *In the Matter of Johnson,* 244 Ga. at 111.
[5] *In the Matter of Spence,* 271 Ga. at 632.