S12Y1337. IN THE MATTER OF TED H. REED.

(731 SE2d 50)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Carol V. Clark, recommending that the Court accept the petition for voluntary discipline filed by Ted H. Reed (State Bar No. 597837), in which Reed agreed to the imposition of discipline ranging from a formal admonition to a Review Panel reprimand.

Based on the petition, the special master found as follows. Reed, who was admitted to the Bar in 1976, was hired in 2008 regarding a civil matter. Reed received and responded to post-judgment discovery requests around November 2008. In May 2009, Reed received a notice to take a post-judgment deposition and notice to produce, but he was not able to contact his client despite his attempts; neither the client nor Reed appeared at the deposition. The trial court granted the opposing party's motion to compel and directed the client to attend the deposition and pay $300 to the opposing party. Upon receipt of the order in December 2009, Reed called the client but was unable to address the client's questions and concerns adequately. In an amended petition, Reed clarified that he is willing to pay the client $300. In response to the amended petition, the State Bar recommended that the voluntary petition be accepted and that Reed receive a Review Panel reprimand contingent on his payment of $300 to his client.

The special master found that Reed's conduct violated Rule 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.4 is a public reprimand. In aggravation, the special master noted Reed's prior

disciplinary history. In 1979, this Court accepted Reed's voluntary surrender of his license in connection with his acceptance of a bribe while serving as a probation officer. See *In the Matter of Reed*, 244 Ga. 612, 612 (261 SE2d 398) (1979). In 1982, this Court denied Reed's petition for reinstatement, see *In the Matter of Reed*, 248 Ga. 748, 749 (285 SE2d 726) (1982), but in 1988, we granted his second petition for reinstatement. See *In the Matter of Reed*, 258 Ga. 271, 272 (368 SE2d 499) (1988). In 2007, Reed received a formal letter of admonition for violating Rules 1.6 and 8.4 (a) (4) in his provision of information regarding a former client. In mitigation, the special master found that Reed lacked a dishonest or selfish motive and had a cooperative attitude toward the disciplinary process. The special master recommended that the Court accept the petition and impose a formal admonition contingent upon Reed's paying his client $300.

Having reviewed the record, we agree with the State Bar that a Review Panel reprimand is the appropriate sanction. Reed's disciplinary history includes serious violations of the Georgia Rules of Professional Conduct, including a formal admonition in 2007, and he admits violating Rule 1.4 in this matter. Therefore, contingent on Reed's payment of $300 to his client, we accept his petition for voluntary discipline and order that he receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220.

*Review Panel reprimand with conditions. All the Justices concur.*

DECIDED JUNE 18, 2012.

*Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.