300 Ga. 643
FINAL COPY

S17Y0420.  IN THE MATTER OF TED H. REED.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the Review Panel, which adopted and affirmed the report and recommendation of the special master, Carol V. Clark, recommending the disbarment of respondent Ted H. Reed (State Bar No. 597837).  The State Bar filed a formal complaint against Reed arising from a 2011 client representation matter, in which complaint the Bar asserted that Reed had violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d),[1] and noted Reed's prior disciplinary history, including his voluntary surrender of license, In the Matter of Reed, 244 Ga. 612 (261 SE2d 398) (1979);[2] his receipt of a Review Panel reprimand, In the Matter of Reed, 291 Ga. 257 (731 SE2d 50) (2012); and his receipt of formal letters of admonition in 2006 and

---

[1] The maximum penalties for these violations are, for Rule 1.3, disbarment, and, for Rule 1.4, a public reprimand.

[2] Reed was subsequently reinstated by order of this Court, see In the Matter of Reed, 258 Ga. 271 (368 SE2d 499) (1988).

2013. The facts underlying the present violations are, as found by the special master and the Review Panel, that Reed was retained by the client in this matter in 2006 to assist the client with his divorce. The client testified that he experienced considerable difficulty in communicating with Reed and that Reed failed to undertake the steps necessary to ensure the correction of the final order in the divorce proceedings, which order failed to protect the client's pension, such that the client was eventually required to obtain other counsel, and incur the expenses attendant to doing so, in order to have the matter resolved in his favor.

Reed acknowledged service of the formal complaint and filed an answer, and the special master was then appointed. An initial hearing was held in June 2013, after which the special master issued a report finding Reed in violation of Rules 1.3 and 1.4. Reed then retained counsel and requested a hearing in mitigation of discipline. That second hearing was held in November 2014, after which Reed discharged his counsel and filed a petition for voluntary discipline seeking suspension pursuant to Rule 4-104 for medical reasons; the Bar objected that Reed had failed to make admissions regarding his conduct sufficient to sustain such a petition. On April 25, 2016, the special master issued her final

2

report, recommending that Reed's petition for voluntary discipline be denied, finding him to have been in violation of Rules 1.3 and 1.4, and recommending, in light of these violations and his prior disciplinary matters, that he be disbarred. Reed filed a request with the Review Panel for it to set aside the findings of the special master, enumerating eight grounds in which he alleged that the special master misstated, failed to account for, or fabricated various facts regarding both this disciplinary matter and the representation underlying it; that the proceedings were unnecessarily delayed; and that the special master was biased against him based on his prior disciplinary history. The Review Panel considered and rejected each of Reed's exceptions to the special master's final report and concluded that the facts as found by the special master supported the conclusion that Reed had violated Rules 1.3 and 1.4. In considering the appropriate level of discipline, the Review Panel noted in mitigation that Reed did not have a selfish motive for his conduct and had taken steps to mitigate the expenses incurred by the client in retaining other counsel and to assist the new counsel in representing the client. Although not specifically considered as a factor in mitigation, the Review Panel also noted that Reed indicated in his exceptions to the special master's final report that he

3

is closing his practice and is currently an inactive member of the Bar. Nonetheless, the Review Panel concluded that, in light of Reed's prior disciplinary history, his refusal to acknowledge the wrongful nature of his conduct, and his substantial experience in the practice of law, there existed aggravating factors sufficient to support Reed's disbarment, which it recommended. Reed did not respond to the Review Panel's report.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Ted H. Reed be removed from the rolls of persons authorized to practice law in the State of Georgia. Reed is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided February 27, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.

Wilson, Morton & Downs, James E. Spence, Jr., for Reed.

4