IN THE MATTER OF DOUGLAS J. FLANAGAN.
(SUPREME COURT DISCIPLINARY No. 625)
(371 SE2d 404)

PER CURIAM.

Because of the unusual circumstances surrounding Douglas J. Flanagan's failure to file federal income tax returns for 1981, 1982,

and 1983, and his subsequent plea of guilty to one of the three counts,[1] we agree with the special master's recommendation that Flanagan be suspended for a period of thirty days.[2]

In making this recommendation, the special master determined that "even though the returns were intentionally neglected, they were not neglected for the purpose of avoiding tax liability in this case since the taxes were paid." Though the returns were not filed, Flanagan made quarterly payments of estimated taxes from 1981-1983 which, according to the special master, covered his tax liability for those years.[3]

This, then, is not a case involving the repeated failure to file returns under circumstances "where the wrongdoer stands to gain personal monetary benefit from his conduct." *Huff v. Anderson*, 212 Ga. 32 (90 SE2d 329) (1955). See also *In the Matter of Nicholson*, 243 Ga. 803 (257 SE2d 195) (1979). Instead, it is a case in which legitimate mitigation operates to lessen the consequences of his violations. We therefore adopt the recommendation and order that Flanagan be suspended from the practice for thirty days from September 10, 1988.

*All the Justices concur.*

DECIDED SEPTEMBER 8, 1988.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[1] In return for which the other counts were dismissed. Flanagan was placed on probation, required to pay a fine, and required to serve three months in confinement. The confinement portion of his sentence drew considerable public criticism due as much to Flanagan's exemplary record as an infantry officer in Vietnam where on separate occasions he was awarded the Silver Star, the Bronze Star, and the Vietnam Cross of Gallantry, as to the fact that his tax liability had been timely paid.

[2] A special master was appointed in February 1988 to consider discipline under Standard 66 and Bar Rule 4-106.

[3] Penalties were imposed for failure to file, but even these were paid well in advance of the disposition of the criminal charges.