IN THE MATTER OF JOHN H. PATTESON, JR.
(SUPREME COURT DISCIPLINARY No. 1029)
(423 SE2d 248)

PER CURIAM.

John H. Patteson, Jr., was indicted in the Superior Court of Clarke County for the felony of violating the Georgia Controlled Substances Act by possessing a Schedule I controlled substance, 3, 4 Methylenedioxymethamphetamine, OCGA §§ 16-13-25 (3) (Z); 16-13-30 (a) (c). He pleaded guilty to the indictment, was sentenced under the First Offender Act, and filed a petition for voluntary discipline in the form of suspension from the practice of law for 30 months, with conditions, admitting that his conviction constitutes a violation of Standard 66 of Bar Rule 4-102.

The State Bar of Georgia has stated that because of the unusual mitigating circumstances in this case, it has no objection to the discipline requested. These circumstances include: that Patteson was 27 years old at the time of the offense; that he had no other arrests or criminal records; that he has no other record of attorney discipline or grievances filed against him; that it does not appear that any client or third party has suffered harm as a result of his offense; that soon after his arrest he sought personal counseling and voluntarily entered and completed an intensive out-patient drug and alcohol rehabilitation program, and, thus far, has succeeded in overcoming his substance abuse dependency; that he voluntarily resigned from the law firm where he practiced law as an associate and ceased the active practice

of law.

The State Bar found the foregoing circumstances sufficient to mitigate the imposition of disbarment, the usual sanction for a violation of Standard 66, and agreed with Patteson that suspension for 30 months from the practice of law would be an appropriate discipline in this case. The State Bar further agreed with Patteson that the following conditions be made part of the order of discipline in this case:

(a) Patteson shall submit himself to the jurisdiction of the State Bar Committee on Lawyer Impairment for such assessment, monitoring and action as deemed necessary by that Committee pursuant to its authority under Part VII of the Bar Rules;

(b) Patteson shall waive any and all rights of confidentiality provided under Part VII of the Bar Rules necessary to provide the Office of the General Counsel access to any information provided to the State Bar Committee on Lawyer Impairment pursuant to Part VII of the Bar Rules;

(c) After the completion of the twenty-fourth month of the thirty-month suspension, Patteson shall take the Multi-State Professional Responsibility Examination. Patteson shall submit proof of the receipt of a passing grade from that exam to the Office of the General Counsel and the Court before any order of suspension is rescinded;

(d) Upon the issuance of any order of the Superior Court of Clarke County which revokes Patteson's probation or First Offender status, his Petition for Voluntary Discipline shall be converted automatically to a Petition for Voluntary Surrender of License without further action by Patteson, the State Bar, or the Supreme Court of Georgia, and without further hearing.

We agree with the recommendation of the State Bar that Patteson's petition for voluntary discipline should be accepted. Accordingly, Patteson is suspended from the practice of law for a period of 30 months under the foregoing conditions proposed by Patteson, and agreed to by the State Bar.

*All the Justices concur.*

DECIDED DECEMBER 2, 1992.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Edward D. Tolley, George E. Hibbs,* for Patteson.