IN THE MATTER OF JOHN E. SAWHILL III.
(SUPREME COURT DISCIPLINARY No. 934)
(425 SE2d 274)

PER CURIAM.
John E. Sawhill III was indicted for possession of cocaine, obstruction of an officer, and two counts of driving under the influence. As part of a negotiated plea bargain, Sawhill pleaded guilty to the cocaine possession count only, for which he was sentenced as a first offender to three years of probation. One condition of probation was that Sawhill voluntarily surrender his license to practice law for three years, subject to reconsideration by the trial court after appellant successfully completed a substance abuse treatment program as directed by the Probation Department. The State Bar of Georgia subsequently filed a petition pursuant to Bar Rule 4-106 (a) for appointment of a special master, alleging that Sawhill's conviction constituted a violation of Standard 66 of Bar Rule 4-102 (d) and that the appropriate discipline was disbarment. Over Sawhill's objection that the judicially-imposed suspension obviated the need for further disciplinary proceedings, a special master was appointed. After a hearing at which Sawhill appeared with counsel and testified, the special master issued a report finding that Sawhill had violated Standard 66 and recommending that appropriate disciplinary action be taken. The special master also recommended that the sentence imposed on appellant and the State Bar's effort after the sentence was imposed to have it amended to include further restrictions on reinstatement be considered when assessing appropriate discipline.

The State Bar filed a request in this court for an order of disbarment. In support of that request, the State Bar points out that Sawhill has not taken steps to surrender his license, that a request by the State Bar for modification of sentence to include reference to Standard 66 and to impose conditions relating to reinstatement was not honored, and that Sawhill's suspension was not imposed under

Standard 66, but pursuant to the inherent right of the court, recognized in Standard 66, to suspend lawyers based on conviction of a crime. In his exceptions to the special master's report, Sawhill argues only that the trial court's sentence should be honored and that no additional conditions were included in the plea bargain.

This case appears to present the reverse of the situation this court faced in *Carpenter v. State*, 250 Ga. 177 (297 SE2d 16) (1982). There, Carpenter had filed a petition for voluntary suspension of his license during the pendency of his appeal from a bribery conviction. Notwithstanding this court's approval of that petition in *In the Matter of Carpenter*, 248 Ga. 753 (288 SE2d 217) (1982), a superior court entertained a petition for Carpenter's disbarment and, after a hearing, entered an order of disbarment. In affirming the superior court's judgment, this court held that voluntary suspension was not the same as voluntary surrender, "and the practitioner whose privilege to practice law is suspended is subject to disbarment upon a proper case." 250 Ga. at 179.

We find the same principles applicable to the present case: the trial court's suspension of Sawhill was not the same as disbarment, and there is nothing in Standard 66 which prevents the State Bar from seeking disbarment while Sawhill was under suspension. Considering all the circumstances of this case, including the relative lack of mitigating circumstances such as those relied upon in *In the Matter of Patteson*,[1] 262 Ga. 591 (423 SE2d 248) (1992), we agree with the State Bar of Georgia that further discipline is appropriate in this case. Accordingly, we hereby order Respondent disbarred from the practice of law in this state and that his name be stricken from the rolls of those authorized to practice law in Georgia.

*Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

---

[1] The most striking distinction between the two cases is the approach to rehabilitation and discipline. Patteson petitioned for voluntary discipline; voluntarily sought personal counseling; voluntarily entered and completed an intensive out-patient drug and alcohol rehabilitation program; voluntarily resigned from the firm with which he practiced and ceased the active practice of law; and agreed to conditions for reinstatement which included cooperation with the State Bar Committee on Lawyer Impairment, taking and passing the Multi-State Professional Responsibility Examination, and automatic surrender of his license should any portion of his probated sentence be revoked. Sawhill, by contrast, entered a rehabilitation program only after being ordered to do so; continued practicing law until ordered to stop; sought to continue his practice for a period of time after his conviction; and made no effort to cooperate with the State Bar's efforts to include in the trial court's sentence certain conditions of reinstatement.

DECIDED JANUARY 13, 1993 —
RECONSIDERATION DENIED FEBRUARY 12, 1993.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*James A. Robbins, Jr., W. Terry Haygood, Jr.,* for Sawhill.