S94Y1034. IN THE MATTER OF RICHARD L. CHAMBERS.
(444 SE2d 313)

PER CURIAM.

Respondent Richard L. Chambers filed a petition for voluntary discipline, requesting this Court to suspend him from the practice of law for a period of 18 months for violating Standard 66 of Bar Rule 4-102 (d) (conviction of a felony). Chambers had been convicted of three counts of Obtaining Controlled Substances by Fraud, in violation of OCGA § 16-13-43 (a) (3). In his petition, Chambers asserted that the underlying conduct arose from his forging of prescriptions to obtain Hydrocodone and Alprazolam, substances originally prescribed to him for treatment of a heart and pulmonary condition and to

which he subsequently became addicted.

The State Bar of Georgia did not object to Chambers' petition, citing the following as mitigating factors to his conduct: (1) Chambers is 70 years old and has no prior record or other arrests; (2) he has no prior disciplinary record or prior grievances filed against him with the State Bar; (3) no client or third party suffered any harm as a result of his conduct; (4) Chambers voluntarily entered a drug rehabilitation program under the supervision of the State Bar Committee on Lawyer Impairment; and (5) although maintaining an active membership status, Chambers is retired from the practice of law.

The special master recommended to the review panel that Chambers' petition be accepted, and that he be suspended from the practice of law for a period of 18 months and be required to comply with certain conditions. The review panel agrees, and recommends that this Court suspend Chambers accordingly.

Upon consideration of the special master's recommendation, this Court accepts Chambers' petition for voluntary discipline, and hereby orders that Chambers is suspended from the practice of law in Georgia for a minimum period of 18 months. The suspension shall remain in effect so long thereafter as Chambers fails to obtain an order from this court lifting the suspension, pursuant to the following procedures: (1) Chambers must seek the services of the Committee on Lawyer Impairment and obtain certification from the Committee that, based on the Committee's observation, Chambers does not manifest symptoms of any condition which would either mentally or physically impair his competency as an attorney or pose a substantial threat to himself or others; (2) Chambers must also obtain certification from the Office of the General Counsel that it has reviewed its disciplinary records maintained since the date of the issuance of this order, and that those records contain no evidence that Chambers has demonstrated any conduct or manifested any symptom of any condition which would indicate that he would pose a danger to his clients or the public by his return to the practice of law; (3) upon obtaining these certifications, Chambers must petition the review panel of the State Disciplinary Board to review the record of this proceeding and the certifications and submit its recommendation to this Court on whether Chambers' suspension should be lifted; and (4) upon consideration of the review panel recommendation, this Court will issue an order thereon.

Chambers is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interest of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*All the Justices concur.*

Decided June 27, 1994.

William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar, for State Bar of Georgia.

Michael R. Sheppard, for Chambers.