S94Y1649. IN THE MATTER OF WALTER STEPHEN SCOTT.
SUPREME COURT DOCKET NO. I-2 IN RE WALTER STEPHEN
SCOTT (two cases).

(455 SE2d 828)

PER CURIAM.

Pursuant to Bar Rule 4-106, this court appointed a special master to hear evidence and to recommend appropriate discipline based upon Walter Stephen Scott's violation of Standard 66 (conviction of felony) of Bar Rule 4-102 (Case No. S94Y1649). The special master has filed his report and recommendation, recommending that Scott be suspended from the practice of law indefinitely, pending resolution of outstanding client complaints. In an impairment proceeding under Bar Rule 7-305, another special master also recommended that Scott be suspended indefinitely (Docket No. I-2). We accept the recommendations of the special masters and order an indefinite suspension.

Scott entered a plea of guilty to a single charge of possession of cocaine. The trial court sentenced Scott under the First Offender Act, OCGA § 42-8-60, to serve a sentence of five years on probation, with various conditions. Under Standard 66 "conviction of any felony" is defined to include the imposition of first offender probation. Standard 66 (b) (5).

Although a felony conviction usually results in disbarment, the special master found the existence of certain mitigating factors, including that Scott had a severe drug addiction problem of which the Bar was aware prior to his arrest and for which the Bar had counseled Scott through its Committee on Lawyer Impairment. Additionally,

the Bar presented no evidence concerning the circumstances of the arrest and guilty plea other than the fact that Scott possessed a trace amount of cocaine at the time of his arrest. Finally, the special master noted that it was not clear that any of Scott's clients had been irreparably harmed.

We accept the special master's findings in Case No. S94Y1649 and order Scott suspended from the practice of law indefinitely, but for not less than a period of three years. We accept the consent order recommended by the special master in Supreme Court Docket I-2 and order that Scott's reinstatement be conditioned upon his compliance with all the terms of that consent order and with his successful completion of his probated sentence and his discharge without adjudication of guilt in the criminal proceeding. He is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, take all actions necessary to protect the interests of his clients, and certify to this court that he has satisfied these requirements.

*Suspended. All the Justices concur, except Benham, P. J., and Hunstein, J., who dissent. Thompson, J., disqualified.*

HUNSTEIN, Justice, dissenting.

Walter S. Scott pled guilty to the felony of possession of cocaine. He is thus in violation of Standard 66 of Bar Rule 4-102. Violations of Standard 66 usually result either in disbarment, e.g., *In the Matter of Collins*, 263 Ga. 185 (429 SE2d 908) (1993), or acceptance of the attorney's petition for voluntary suspension of his license to practice law in Georgia. E.g., *In the Matter of Nathan*, 263 Ga. 569 (438 SE2d 89) (1993). A review of cases involving Standard 66 violations reveals that it is only in rare instances that sufficient mitigating factors exist to justify a lesser penalty. Consistent among these cases are mitigating factors such as the absence of any prior criminal record, no other disciplinary grievances, the fact that there was no harm to any clients or third parties, and, in drug cases, the voluntary submission to treatment. See, e.g., *In the Matter of Chambers*, 264 Ga. 317 (444 SE2d 313) (1994) (Respondent was 70 years old and became addicted to drugs prescribed to him for medical condition); *In the Matter of Kitchings*, 264 Ga. 301 (444 SE2d 312) (1994) (Respondent became addicted to pain killers after serious car accident); *In the Matter of Lanford*, 260 Ga. 408 (396 SE2d 228) (1990) (Respondent became addicted to prescription drugs after injury). See also *In the Matter of Patteson*, 262 Ga. 591 (423 SE2d 248) (1992).

No such mitigating factors are present in Scott's case. Rather, the opposite is true: the record is rife with factors in aggravation. Scott, who was 40 years old at the time of the special master hearing, had previous arrests in 1990 for driving under the influence of alcohol.

Although Scott voluntarily entered drug treatment centers in 1990 and 1991, it was the State Bar Committee on Lawyer Impairment that insisted upon the treatment he received in 1993; Scott's post-arrest treatment was the result of involuntary commitment. He admitted to the special master that he failed to manage his clients' business as he should have because of his cocaine addiction, even prior to his arrest, and the special master references "at least" six grievances initiated by his clients. Three of those grievances, which resulted in issuance of formal notices of discipline, were adduced as evidence at the special master hearing and reflect (1) a November 1993 grievance filed by a client who was held in contempt because of Scott's failure to appear at court and who had not been refunded his $2,500 retainer; (2) a January 1994 grievance filed by a disabled client who retained Scott in November 1993 and paid him $400 but was refused a refund; and (3) a February 1, 1994 grievance filed by a client who retained Scott on January 11 on the promise from Scott that he would act "immediately" on the client's behalf, but was thereafter abandoned by Scott and never refunded a $650 retainer. Although the special master recites Scott's claim that the harm these clients suffered was not "irreparable" and that Scott could make all of them whole by refunding the fees paid to him, this assertion falls through in light of the client held in contempt of court and the client who was promised "immediate" service. Furthermore, no explanation is provided why Scott, who claimed that he was "brought to his senses" as a result of the 21 days of involuntary treatment he received following his arrest on February 9, 1994, had not rectified the monetary harm to those clients whose claims he does not dispute by the time of the special master's ruling in November 1994.

Scott has done nothing to justify special treatment and much to deserve the Bar's harshest penalty for an attorney who violates the very laws he is sworn to uphold. Accordingly, I dissent to the majority's suspension of Scott's license and would, instead, enter an order disbarring him from the practice of law in Georgia. Accord *In the Matter of Sawhill*, 262 Ga. 735 (425 SE2d 274) (1993).

DECIDED APRIL 10, 1995.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.