S95Y0168. IN THE MATTER OF JACK O. MORSE.
(456 SE2d 52)

PER CURIAM.

The review panel of the State Disciplinary Board of the State Bar of Georgia recommends that Jack O. Morse receive a public reprimand for violations of Standards 4 and 22 of State Bar Rule 4-102. Because we conclude that Morse also violated Standard 45, we remand to the review panel for a reconsideration of its proposed punishment.

The State Bar brought four separate complaints against Morse for violations of Standards 4 (engaging in professional conduct that involves dishonesty, fraud, deceit, or wilful misrepresentation), 22 (b) (withdrawal from employment), and 45 (knowingly making a false statement of fact and settling a claim without authority). The special master found that Morse violated Standard 22 (b) when he failed for ten months to give former client Treasea Herrin the file concerning her personal injury claim, but did not recommend a level of discipline. The review panel agreed that Morse violated Standard 22 (b) when he failed to release Herrin's file or withdraw his attorney's lien. The review panel also found that Morse violated Standard 4 in handling client Willie L. Conley's workers' compensation claim by signing a settlement agreement stating that he had explained its legal effect to his client, when he had not, and by signing a second settlement agreement stating that he had read the agreement to his client and witnessed the client signing it, when Morse admitted that he did not explain the agreement when Conley signed it or witness its signing. The review panel did not find a violation of Standard 45 in Conley's case or any violation in the third case. The fourth complaint was dismissed when the complainant failed to appear.

1. This court is bound by the review panel's findings of fact when there is "any evidence" to support them. See Rule 4-219 (a). In applying this standard, we review the evidence in the light most favorable to the review panel's findings; if the review panel has made no independent findings of fact or adopted the special master's findings, we review the evidence in the light most favorable to the special master's findings. Because the record supports the review panel's findings con-

cerning the credibility of witnesses, we accept its findings of fact in all three cases.

In disciplinary proceedings, this court owes no deference to the review panel's conclusions of law. Whether an attorney has violated a particular standard of conduct is a legal question. Although we agree with the review panel's legal conclusion that Morse did not violate Standards 4 and 45 in the third case because of the special master's credibility findings, which the panel adopted, we disagree with its conclusion that Morse violated only Standard 4 in the Conley case. Applying the law to the facts in that case, we conclude that Morse also violated Standard 45 by knowingly making a false statement that he had witnessed Conley sign a settlement agreement when he did not and, in fact, Conley never signed it.

2. Because the review panel did not determine that Morse had violated Standard 45, we remand for it to consider the proper punishment based on Morse's violation of the three standards. In determining the appropriate sanction to impose, the review panel should look to the American Bar Association's standards for guidance. See ABA Standards for Imposing Lawyer Sanctions (1991). Thus, the review panel should consider "(a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." ABA Standard 3.0.

The review panel is directed to file its report in this court no later than 60 days from the date of this opinion. Any exceptions or responses to the review panel's report should be filed in this court within ten days of the filing of the review panel's report.

*Remanded to the review panel with direction. All the Justices concur.*

DECIDED APRIL 24, 1995.

*William P. Smith III, General Counsel State Bar, Carol C. Hinrichs, Assistant General Counsel State Bar,* for State Bar of Georgia.

*James E. Spence,* for Morse.