S95Y1553. IN THE MATTER OF THOMAS L. WASHBURN III.
(464 SE2d 192)

PER CURIAM.

Although Thomas L. Washburn pled guilty to a criminal charge of fraudulent levy in violation of OCGA § 9-13-16, the special master recommended he receive only a public reprimand and the review panel adopted that recommendation. However, the State Bar has filed exceptions and seeks disbarment of Washburn pursuant to Standard 66 of Bar Rule 4-102, which authorizes the imposition of that sanction

---

upon conviction of any felony or misdemeanor involving moral turpitude. Based upon Washburn's conviction, as well as the existence of aggravating circumstances and the absence of mitigating factors, we agree with the State Bar that the recommended sanction of a public reprimand is too lenient. Nevertheless, we reject the State Bar's proposal that Washburn be disbarred. In light of the nature of the crime, as well as both aggravating and mitigating factors, we hereby order that Washburn be suspended from the practice of law in this state for a period of three years, effective from the date of this opinion.

The criminal action against Washburn was predicated upon a sheriff's sale of property owned by a defendant against whom Washburn's client had obtained a judgment. The State's evidence showed that Washburn told the purchasers of the property that he would handle the transaction and that the two existing mortgages on the property would be satisfied from the sale proceeds. Notwithstanding these assurances, Washburn did not use the proceeds of the sale to extinguish the mortgages and the purchasers were required to pay the balance of those mortgages themselves. The State also introduced prior "similar transaction" evidence showing Washburn's participation in the sale of property to another party. After the case had been submitted to the jury, Washburn offered to plead guilty to violating OCGA § 9-13-16. His plea was accepted and the trial court sentenced him to a 12-month term. In an unreported opinion, the Court of Appeals affirmed the conviction. *Washburn v. State*, 211 Ga. App. XXXII (1993). Washburn's petition for certiorari was denied by this Court.

Allowing an attorney who has been convicted of a crime to continue to practice law can undermine public confidence in the legal profession. *In the Matter of Stoner*, 246 Ga. 581, 582 (1) (272 SE2d 313) (1980). This is particularly true where, as here, the conviction is for a crime involving the fraudulent mishandling of funds. See generally *In the Matter of Meier*, 256 Ga. 72, 75 (344 SE2d 212) (1986) (reviewing cases involving the mishandling of clients' funds). Compare *In the Matter of Flanagan*, 258 Ga. 491 (371 SE2d 404) (1988) (30-day suspension where Respondent pled guilty to failure to file tax returns, but had paid the taxes). In determining the appropriate sanction, the American Bar Association's standards provide guidance. *In the Matter of Morse*, 265 Ga. 353, 354 (2) (456 SE2d 52) (1995). Under those standards, disbarment is generally appropriate when a lawyer engages in serious criminal misconduct, a necessary element of which includes fraud, or engages in any other intentional conduct involving dishonesty, fraud, or deceit. Standard 5.11, ABA Standards for Imposing Lawyer Sanctions (1991).

Not only has Washburn been convicted of a crime involving moral turpitude, aggravating circumstances also are present. First, as

demonstrated by the prior "similar transaction" evidence admitted at Washburn's criminal trial, his conviction represents but one instance of misconduct in a pattern of such misconduct. ABA Standard 9.22 (c). Second, Washburn has refused to acknowledge the wrongful nature of his misconduct. ABA Standard 9.22 (g). Third, Washburn has substantial experience in the practice of law, and substantial knowledge regarding real estate transactions. ABA Standard 9.22 (i). Fourth, Washburn, has shown indifference to making restitution in this case. ABA Standard 9.22 (j).

The only mitigating factor is Washburn's lack of a prior disciplinary record. ABA Standard 9.32 (a). However, this factor is not as significant as it might be in light of the evidence that Washburn has engaged in a prior "similar transaction." The fact that Washburn received a criminal sentence for his fraudulent misconduct does not militate against suspension under Standard 66 of Bar Rule 4-102. The goals of a disciplinary action include imposition of an appropriate sanction, deterrence of others, and demonstration to the public that the ethics of the legal profession will be maintained. *In the Matter of Dowdy*, 247 Ga. 488, 493 (4) (277 SE2d 36) (1981). Notwithstanding the lack of a prior disciplinary record, a public reprimand is inadequate to further these goals when an attorney has been convicted of a crime involving moral turpitude and there are additional aggravating circumstances, but no additional mitigating factors.

Accordingly, we order that Washburn be suspended from the practice of law in this state for three years effective from the date of this opinion. He may not be reinstated unless and until he complies with all applicable reinstatement procedures and refunds, with interest, all amounts paid on the outstanding mortgages by the purchasers of the property, and certifies that he has done so to the State Bar. Washburn is reminded of his duties under State Bar Rule 4-219 to give timely notification to his clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of that Rule.

*Three-year suspension. All the Justices concur, except Sears, Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

Thomas L. Washburn pled guilty to the criminal charge of fraudulent levy in violation of OCGA § 9-13-16. The special master recommended he be sanctioned by a mere public reprimand and the review panel adopted that recommendation. The State Bar filed exceptions, seeking disbarment of Washburn pursuant to Standard 66 of Bar Rule 4-102. In a decision contrary to the weight of precedent and, in my opinion, to our duty to the public, the majority has chosen to re-

ject the State Bar's recommendation and to impose only a three-year suspension of Washburn.

Standard 66 authorizes disbarment upon conviction of any felony or a misdemeanor involving moral turpitude. In virtually every instance of attorney discipline for violation of Standard 66, this Court has either disbarred the respondent or accepted the respondent's petition for voluntary surrender of license. Only rarely has the existence of some mitigating circumstance justified a lesser sanction. See, e.g., *In the Matter of Roberts*, 259 Ga. 267 (380 SE2d 51) (1989) (respondent's criminal conduct appeared to be an isolated incident); *In the Matter of Stubbs*, 259 Ga. 283 (380 SE2d 462) (1989) (problems involving respondent's law practice, destruction of his home by fire, divorce-related indebtedness and restitution); and *In the Matter of Patteson*, 262 Ga. 591 (423 SE2d 248) (1992) (inter alia, respondent had no prior criminal or disciplinary record and there was no showing of harm to a client or third party). Compare *In the Matter of Hege*, 258 Ga. 492 (371 SE2d 403) (1988) (respondent's petition for voluntary six-month suspension accepted where respondent pled guilty to failure to file federal income tax return for one year).

No such mitigating factor is present in Washburn's case. Indeed, evidence that he had failed to pay off a loan deed in a previous transaction was admitted as a "similar transaction" in his criminal trial. Not only does the majority concede that absence of a prior disciplinary record based on the similar transaction is not tantamount to a mitigating circumstance, but that there are instead aggravating circumstances in this case.

The State Bar is charged with the responsibility to maintain and enforce certain standards of ethical conduct on the part of its member attorneys. Rule 4-101. When those standards are violated as they have been in this case, then it is the responsibility of this Court to enable the State Bar to carry out the duties with which it is charged in a manner which will protect the public and foster its trust in the Bar and its members. Washburn's fraudulent conduct not only violated his duty toward his client, but resulted in a substantial financial loss by third parties as well. In view of the fraud involved in Washburn's conduct, his apparent disregard for the injury inflicted and the utter lack of any circumstance in mitigation of his behavior, I dissent to the majority's suspension of Washburn's license and I would enter an order disbarring him from the practice of law in Georgia.

I am authorized to state that Justice Sears and Justice Thompson join in this dissent.

DECIDED DECEMBER 4, 1995.

*William P. Smith III, General Counsel State Bar, E. Duane*

*Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Alan F. Herman,* for Washburn.