## S97Y0449. IN THE MATTER OF MARC EDWARD ACREE.
### (495 SE2d 293)

PER CURIAM.

Following a hearing before a special master under Bar Rule 4-106, the special master recommended that the respondent, Marc Edward Acree, be suspended from the practice of law for six months, based on his guilty plea in the United States District Court for the Northern District of Georgia to the misdemeanor of bank larceny, 18 USC § 2113 (b). Before this Court, Acree contends that a public reprimand is the appropriate level of discipline, and the State Bar contends that disbarment is appropriate.

It is clear that Acree has engaged in grave misconduct. By filing statements with lenders that were false by omission, Acree enabled a loan transaction to proceed that otherwise would not have proceeded if he had been truthful. Although Acree did not benefit from the loan transaction except for the attorney fees he received, the lenders lost their investment. Because of the severity of Acree's misconduct, a misdemeanor involving moral turpitude, we reject Acree's contention that a public reprimand is appropriate, as well as the special master's recommendation of only a six-month suspension. We also reject as too severe the State Bar's contention that disbarment is the appropriate level of discipline. Balancing the severity of Acree's conduct with the mitigating factors that are present — that Acree does not have a prior disciplinary infraction; that he has a solid record of supporting and serving his community; and that he has built an outstanding reputation for integrity both in the legal community and the community at large[1] — we conclude that a two-year suspension is the appropriate level of discipline. Further, in two recent similar cases, this Court has ordered suspensions of two years[2] and three years.[3] For these reasons, this Court suspends Acree from the practice of law for two years. Acree is reminded of his duties and responsibilities under Bar Rule 4-219 to notify any clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of this Rule.

---

[1] See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.32 (a), (g).
[2] *In re Lenoir,* 265 Ga. 403 (456 SE2d 584) (1995).
[3] *In re Washburn* 266 Ga. 50 (464 SE2d 192) (1995).

*Two-year suspension. All the Justices concur, except Benham, C. J., Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

While I agree with the majority that Acree has engaged in grave misconduct, including a violation of Standard 66 which authorizes disbarment upon conviction of any felony or misdemeanor involving moral turpitude, I cannot agree with its conclusion that the penalty of disbarment is too severe in this disciplinary action. Because the record clearly establishes that Acree engaged in felonious conduct involving dishonesty, fraud, deceit and misrepresentation and that he engaged in deceptive practices during the disciplinary process, a factor not considered by the majority, I would disbar Acree from the practice of law in this State.

There are essentially two questions before the Court in this disciplinary matter, the appropriate level of discipline to be imposed and whether Acree's testimony at the show cause hearing contradicted his testimony at the plea hearing and trials in federal court. One look at the transcripts in this case reveals that Acree's position at the show cause hearing not only contradicts his testimony at the plea hearing, but is also, at best, disingenuous. At the plea hearing, the U. S. Attorney's summarization of the government's case reflects that Acree, in submitting misleading documents to lending institutions, was fully aware that those documents were misleading and that Acree intended to mislead those institutions as well as the Small Business Administration. Indeed, when directly asked by the trial court if he agreed that he had acted as outlined in the government's case, Acree responded affirmatively and only clarified that his misconduct was that of omission.[4] At the show cause hearing, however, Acree attempted to minimize the gravity of his crime, thereby contradicting his previous testimony, by contending that he did not know his conduct was criminal at the time he submitted the misleading documents to the lending institutions. Such serious misconduct constitutes a deceptive practice within the disciplinary process as well as a refusal to acknowledge the wrongful nature of his conduct, see ABA Standard 9.22 (f) and (g), and is wholly ignored by the majority in determining the appropriate level of discipline.

Although I do not question Acree's previous reputation of good character in his community,

---

[4] Acree was represented by counsel at the plea hearing; the trial court found that Acree's plea was knowing and voluntary; and, in sentencing Acree to probation, a fine, and restitution, the Court noted that the government afforded Acree a great consideration in allowing him to plea to a misdemeanor rather than a felony.

[t]he relation of courts and attorneys to the people is one of high responsibility, involving complete trust and confidence and absolute fidelity to integrity . . . . Members of the Bar must maintain a high standard of conduct. If the law is to be respected, the public must be able to respect the individuals who administer it.

*In the Matter of Stoner*, 246 Ga. 581, 582 (1) (272 SE2d 313) (1980). In a recent, and in some respects similar, disciplinary action, this Court held that

[a]llowing an attorney who has been convicted of a crime to continue to practice law can undermine public confidence in the legal profession. *In the Matter of Stoner*, [supra]. This is particularly true where, as here, the conviction is for a crime involving the fraudulent mishandling of funds. See generally *In the Matter of Meier*, 256 Ga. 72, 75 (344 SE2d 212) (1986) (reviewing cases involving the mishandling of clients' funds). Compare *In the Matter of Douglas J. Flanagan*, 258 Ga. 491 (371 SE2d 404) (1988) (thirty-day suspension where respondent pled guilty to failure to file tax returns, but had paid the taxes). In determining the appropriate sanction, the American Bar Association's standards provide guidance. *In the Matter of Jack O. Morse*, 265 Ga. 353, 354 (2) (456 SE2d 52) (1995). Under those standards, disbarment is generally appropriate when a lawyer engages in serious criminal misconduct, a necessary element of which includes fraud, or engages in any other intentional conduct involving dishonesty, fraud, or deceit. Standard 5.11, ABA Standards for Imposing Lawyer Sanctions (1991).

*In the Matter of Thomas L. Washburn*, 266 Ga. 50 (464 SE2d 192) (1995). The facts clearly establish that Acree intentionally engaged in felonious conduct involving dishonesty, fraud, deceit and misrepresentation that seriously and adversely reflects on both his fitness to practice law and the integrity of the legal profession. Considering the gravity of Acree's crime and the aggravating factors in this case, including Acree's substantial experience in the practice of law, ABA Standard 9.22 (j), I would conclude that disbarment is the only appropriate level of punishment. See *Washburn*, supra; *In the Matter of Robert W. Harrison, Jr.*, 260 Ga. 455 (396 SE2d 901) (1990) (attorney disbarred for violation of Standard 66 — income tax evasion).

I am authorized to state that Chief Justice Benham and Justice Thompson join in this dissent.

DECIDED FEBRUARY 9, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Denney, Peace, Allison & Kirk, John W. Denney,* for Acree.