S98Y0695. IN THE MATTER OF JOHN C. SWEARINGEN.
(501 SE2d 200)

PER CURIAM.

The issue before the court in this disciplinary matter is the appropriate discipline to impose against an attorney who has been convicted of felony possession of cocaine with intent to distribute, but who has had an otherwise unblemished career. Because of the sever-

---

ity of the crime, and because of the necessity of maintaining the public's confidence in the legal profession, we accept the special master's determination that disbarment is the appropriate sanction.

The respondent, John Swearingen, pled guilty to the felony of possession of cocaine with intent to distribute and received first offender treatment. Acting pursuant to Bar Rule 4-106 the State Bar instituted this proceeding by alleging Swearingen's violation of Standard 66 of Bar Rule 4-102 (d), which standard provides that conviction of any felony shall be grounds for disbarment. The special master held a show cause hearing, received evidence and heard testimony from Swearingen and his friends. Also introduced into evidence were petitions of many Bar members on behalf of Swearingen urging suspension rather than disbarment. It appears that Swearingen first used cocaine in the 1980's and began regular use of drugs after his wife died in 1995. He testified that, during the four months prior to his arrest, he was "out of control" and, although he did no harm to clients, he received continuances through his friendships with prosecutors, which continuances he needed because of his abuse of drugs and alcohol. Two days after his arrest, he checked himself into a mental health and alcohol and drug treatment center and wrote the State Bar seeking assistance from the Georgia Lawyer Assistance Program. There is no dispute that his conduct since his arrest has been exemplary. He has followed all of the requirements of both the treatment center and the Georgia Lawyer Assistance Program, tested negative in frequent tests for the presence of drugs and alcohol, helped others with similar problems, and has been winding down his law practice and closing or referring his files.

The only issue before the special master and before this Court is the appropriate level of discipline to impose. Swearingen, in urging imposition of a two-year or more suspension, points to his prior unblemished and praiseworthy career, his exemplary conduct after his arrest, and the absence of any harm to his clients. The State Bar, on the other hand, relies upon the undisputed evidence that Swearingen, at some point, made a conscious decision to violate Georgia law and committed a serious felony. In recommending disbarment, the special master noted the many factors in Swearingen's favor, including his reputation and conduct in his 28 years of practice, his considerable civic service before and after his arrest, and his voluntary submission to treatment for his addictions and compliance with the prescribed treatment. However, the special master distinguished the cases that Swearingen cites in support of his suspension rather than disbarment, including: *In the Matter of Scott*, 265 Ga. 339 (455 SE2d 828) (1995); *In the Matter of Kitchings*, 264 Ga. 301 (444 SE2d 312) (1994); and *In the Matter of Patteson*, 262 Ga. 591 (423 SE2d 248) (1992). In all three cases, the attorneys were charged with posses-

sion, not possession with intent to distribute. In *Kitchings* and *Patteson*, the attorneys petitioned for discipline prior to the State Bar's initiation of disciplinary proceedings. In *Scott*, the attorney sought treatment prior to arrest. The special master also cited *In the Matter of Stoner*, 246 Ga. 581 (272 SE2d 313) (1980) regarding the public's loss of confidence in the legal profession which could result from continued practice by a convicted attorney. Since Swearingen is an experienced criminal attorney, who made a conscious decision to violate the law and to commit a serious felony, and who did not seek treatment until after his arrest, the special master determined that the sanction of disbarment is appropriate in this case.

Because of the mitigating factors, it is with some reluctance that we accept the special master's recommendation. See *In the Matter of Calhoun*, 268 Ga. 675, 677 (492 SE2d 514) (1997). However, as the special master indicated, this case must be distinguished from those involving only possession of illegal drugs. Standard 5.11 (a) of the ABA Standards for Imposing Lawyer Sanctions clearly makes this distinction: "Disbarment is generally appropriate when . . . a lawyer engages in . . . the sale, distribution or importation of controlled substances. . . ." As the special master concluded, any sanction less than disbarment would amount to condonation by the State Bar and by this Court of trafficking in a drug which is, in Swearingen's own words, "the scourge of this country." "The sanction of disbarment, which the [special master] recommended and which this court approves, need not necessarily be permanent, as the respondent has the right to petition for reinstatement in the future." *In the Matter of Klepak*, 250 Ga. 892, 894 (302 SE2d 356) (1983).

Accordingly, John C. Swearingen is hereby disbarred from the practice of law in this State. He is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Disbarred. All the Justices concur, except Hunstein, J., who concurs in the judgment only.*

DECIDED JUNE 1, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.