S01Y1442, S01Y1443, S01Y1444. IN THE MATTER OF LAURA J. BURTON (three cases).
(553 SE2d 579)

PER CURIAM.

These disciplinary matters are before the Court on three separate Formal Complaints filed against Respondent Laura J. Burton and on which evidentiary hearings were held on September 13, 2000 and September 26, 2000. The State Bar and the special master have recommended disbarment in each of the disciplinary actions. However, the Review Panel, while recommending disbarment in S01Y1443 and S01Y1444, found by a vote of ten to one that the State Bar failed to provide clear and convincing evidence of disciplinary violations by Burton in S01Y1442. In accordance with the report of the Review Panel, we conclude that disbarment is appropriate in S01Y1443 and S01Y1444, but not in S01Y1442.

1. In Case No. S01Y1442 (SDB Docket No. 3795) the State Bar brought a Formal Complaint against Burton alleging violations of Standards 63 (a lawyer shall maintain complete records of all funds of a client coming into the possession of the lawyer and promptly render appropriate accounts to her client regarding those funds); and 65 (A) (a lawyer shall not commingle her client's funds with her own, and shall not fail to account for trust property held in any fiduciary capacity) of Bar Rule 4-102 (d) arising from her representation of a client in a matter involving child custody and support. Our review of the transcript of the hearing before the special master reveals that

the correct interpretation of Burton's account statements and the deposits and disbursements reflected therein depends upon the resolution of conflicts between her testimony and that of the client, who was employed by Burton throughout the relevant period of time. The Review Panel found that both of these witnesses lacked the requisite credibility upon which to base findings of fact sufficient to prove the allegations of the Formal Complaint. The Review Panel specifically found that the client had removed Burton's files without authorization, had filed multiple complaints against her prior attorneys and against judges, and had been convicted of interstate interference with custody, a crime of moral turpitude. Moreover, the client acknowledged that Burton was conscientious in her representation, was never observed to act unethically, worked diligently for little money, and was successful in some aspects of the client's litigation.

Pursuant to Rule 4-218 (a), this Court "is bound by the review panel's findings of fact when there is 'any evidence' to support them." *In the Matter of Morse*, 265 Ga. 353 (1) (456 SE2d 52) (1995). "In applying this standard, we review the evidence in the light most favorable to the review panel's findings. . . ." *In the Matter of Morse*, supra. Because the record supports the review panel's determination of the credibility of witnesses, we accept its findings of fact in this matter. *In the Matter of Morse*, supra at 353-354 (1).

2. The State Bar filed a Formal Complaint in Case No. S01Y1443 (SDB Docket No. 3796) in February 1999 alleging violations of Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 65 (A); and 65 (D) (all funds held by a lawyer for a client shall be deposited in an attorney trust account and records on such accounts shall be kept and maintained as to reflect at all times the exact balance held for each client or other fiduciary) of Bar Rule 4-102 (d).

Burton agreed to represent a client in a suit to recover property as a result of the break-up of a domestic partnership and, in November 1997, attended a court-ordered mediation with the client. As the parties did not resolve the dispute at that time, Burton advised the client to issue a check payable to the Fulton County Superior Court in the amount of $3,600, which would be placed in the court's registry to limit the client's liability in the matter. Burton, however, did not deposit the check into the court registry and, on December 3, 1997, advised the client that the court would not accept the check and that Burton would destroy it. On December 10, 1997, Burton advised the client that she intended to withdraw from representing her. Burton subsequently wrote over the payee designation on the client's check; placed her name, "Laura J. Burton," on the check; struck through that name and wrote "LJ Burton" on the check; and then deposited the check into her personal account. In January 1998, the client

received notice from the bank that two checks had bounced and, upon inquiry, learned that the check given to Burton had been cashed. On January 26, 1998, during a status conference on Burton's motion to withdraw from representation, Burton told the client and her new attorney that the check was in Burton's escrow account and failed to admit that she deposited the check into her personal account.

In accordance with the recommendation of the special master and the Review Panel, we conclude that Burton's actions in this matter constituted violations of Standards 4, 65 (A), and 65 (D) of Bar Rule 4-102 (d) and warrant disbarment.

3. The State Bar issued a Formal Complaint against Burton in Case No. S01Y1444 (SDB Docket No. 4022) alleging violations of Standards 4; 44 (a lawyer shall not without just cause to the detriment of her client in effect wilfully abandon or wilfully disregard a legal matter entrusted to her); 45 (b) (in her representation of a client, a lawyer shall not knowingly make a false statement of law or fact); 61 (a lawyer shall promptly notify a client of the receipt of his funds or other properties and shall promptly deliver such funds to the client); 63; 65 (A); and 65 (D) of Bar Rule 4-102 (d).

The special master in her report noted the following: In August 1997, Burton agreed to represent a client in a pending juvenile court deprivation action. The client never went to Burton's office; there was no written fee agreement; and the client received only one billing statement while Burton was representing her in the matter. In March 1998, the client asked Burton to represent her in a personal injury action and the parties entered into a verbal contract pursuant to which, according to the client, Burton would receive one-third of any monies collected in exchange for her representation of the client; Burton would pay the client's chiropractic bills from settlement funds; and any remaining funds would go towards the client's bill with Burton on the juvenile court action. Burton claimed that she was not going to charge the client for resolving the personal injury case and that the client was to assign rights to all settlement funds obtained to Burton. The client signed and faxed the assignment. The client authorized Burton to settle the personal injury case for $7,000. Upon receiving the settlement check, Burton endorsed it with the client's signature without the client's knowledge or authorization. She signed the client's name to the insurance company release, notarized the signature and deposited the check into her personal account. Burton failed to pay the client's medical bills or provide an accounting of the monies. After the client learned of the receipt of the check, she contacted Burton on several occasions inquiring as to Burton's payment of the medical bills. Burton informed the client that she was suffering from a personality disorder and had gone insane over the summer, but that the client's money would be coming soon. The cli-

ent admitted that she filed the grievance against Burton more than a year after learning of the settlement and after a collection agency threatened to place liens on her home, that she made no effort to pay the medical bills, and that the medical provider was foregoing collection efforts pending the resolution of this action.

With regard to the juvenile court case, the case expanded into an adoption action filed by the client's parents and the court verbally ruled in May 1998 that it was going to terminate the client's parental rights. In November 1998, Burton received the written court order, but failed to notify the client. The client learned of the order from the Guardian Ad Litem appointed in the case. Although Burton agreed to appeal the order and advised the client that she had filed a notice of appeal, Burton failed to correspond with the client regarding the appeal, failed to advise the client of any monies due toward the bill of costs until January 1999, and failed to make clear to the client the importance of the client's filing a pauper's affidavit. In March 1999, the client's parents filed a motion to dismiss the appeal and a rule nisi was issued which scheduled a hearing on April 6, 1999. Burton failed to notify the client of the hearing and the court subsequently dismissed the appeal. Although Burton originally denied and then acknowledged that she received the court's dismissal order, she failed to notify the client of the dismissal.

The special master and the Review Panel determined that Burton, by her conduct in the personal injury action, violated Standards 4, 45 (b), 61, 63, 65 (A), and 65 (D) of Bar Rule 4-102 (d) and, by her conduct in the juvenile court case, violated Standard 44 of Bar Rule 4-102 (d).

Although we accept the credibility findings of the Review Panel in the first case, *In the Matter of Morse*, supra at 354 (1), we conclude that Burton has violated Standards 4, 44, 45 (b), 61, 63, 65 (A), and 65 (D) of Bar Rule 4-102 (d) in the second and third cases and that disbarment is warranted. In aggravation of discipline, we note that Burton had dishonest motives, engaged in a pattern of misconduct, refused to acknowledge the wrongful nature of the conduct, took advantage of vulnerable victims, and had substantial experience in the practice of law. Accordingly, Burton hereby is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*William P. Smith III, General Counsel State Bar, Jenny K. Mit-*

*telman, Assistant General Counsel State Bar*, for State Bar of Georgia.