S05Y1827. IN THE MATTER OF FRANK B. PERRY.

(622 SE2d 334)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of the Review Panel of the State Disciplinary Board, which adopted the findings of fact and conclusions of law set out in the report and recommendation of the special master who was appointed following the filing of a Formal Complaint by the State Bar. The Review Panel found that Frank B. Perry violated both Standard 44 and Rule 1.3 of Bar Rule 4-102 (d) and that Bar Rule 4-103 applied to the facts of this case. We agree that the record establishes violations of Standard 44 of Bar Rule 4-102 (d) and that Bar Rule 4-103 is applicable to this case. We conclude, however, that Perry's violations warrant the discipline of disbarment, and therefore reject the Review Panel's recommendation of a one-year suspension.

"This court is bound by the review panel's findings of fact when there is 'any evidence' to support them." *In the Matter of Morse*, 265 Ga. 353 (456 SE2d 52) (1995). Here, the evidence supports the findings that Perry, who resides in Tennessee but is not licensed as an attorney in that state, has been a member of the State Bar of Georgia since 1980; that Perry is subject to the jurisdiction of this court with regard to this disciplinary proceeding; that in August 1999, a client, who was not completely fluent in English, hired Perry to represent her in two, separate, Tennessee personal injury claims (one arising out of an April 1999 automobile accident and one out of alleged malpractice by a chiropractor), but Perry did not investigate or develop the claims, file a lawsuit in either case, or advise the client of the impending expiration of the statute of limitation; that the statute of limitation expired on both of her claims not later than May 2000; and that the client thus was barred from further pursuit of those claims.

In response to the client's grievance, Perry indicated to the State Bar in a letter that he had advised his client that he missed the filing date and would take care of the matter. During the course of these proceedings, Perry asserted that he had investigated the accident

case, but did not pursue the matter further because he had advised the client repeatedly (in a written retainer contract and in subsequent discussions) that he would do so only after she paid the filing fees, which she never did. Finding that this latest assertion by Perry is not supported by the record evidence, we find that Perry violated Standard 44 in his representation of his client. We find, however, that Rule 1.3 is not implicated inasmuch as there appears to be no admissible evidence in the record to support a finding that Perry engaged in any wrongful actions with regard to his client's case after January 1, 2001.

We do find, however, that Rule 4-103 is applicable since Perry has been twice subjected to discipline prior to this matter, having received a Public Reprimand in November 1998 and a second Public Reprimand in September 2000 (both arising out of violations of Standard 44). We also note in aggravation that this matter involves prior disciplinary offenses, a pattern of misconduct, the submission of misleading or false statements during the disciplinary process, a refusal by Perry to acknowledge the wrongful nature of his conduct, and vulnerability of the victim. In addition, we find no admissible evidence in the record that reflects any mitigating circumstances. For these reasons, we reject the Review Panel's recommendation of a one-year suspension and hereby order that Perry should be, and hereby is, disbarred, and order that his name be stricken from the roll of attorneys licensed to practice law in this State. He is reminded of his obligations under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 21, 2005 —
RECONSIDERATION DENIED DECEMBER 15, 2005.

*William P. Smith III, General Counsel State Bar, Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.